318 So.2d 181 (1975)
Carl Louis COPPOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 75-57.
District Court of Appeal of Florida, Second District.
August 6, 1975.
Bruce M. Lyons of Di Guilian, Spellacy, Berstein, Lyons & Sanders, Ft. Lauderdale, and Archie M. Odom of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was arrested at an airfield in rural Collier County while loading sacks of marijuana into a truck. He was tried and convicted for violation of the Florida Drug Abuse Law and sentenced to five years. His point on appeal directed to a pretrial protective order is without merit. The speedy trial question is more difficult.
Appellant was arrested on February 23, 1973. An information was filed on March 6, 1973. On March 16, 1973, he entered a plea of not guilty and the cause was set for trial July 23, 1973. Appellant then filed a motion for continuance in which he specifically waived the right to speedy trial. After this motion was granted, the record reflects that the next activity in the case was a notice served on November 18, 1974, setting a trial date of December 2, *182 1974. On November 25, 1974, appellant filed his motion for discharge for failure to have a speedy trial, which was denied on the same date. Trial was held on December 4, 1974, which resulted in his conviction and sentence.
In Negron v. State, Fla. 1974, 306 So.2d 104, the Supreme Court held that a four and one-half month delay in going to trial following a continuance obtained by the state violated the accused's right to a speedy trial. Some of the language of this opinion is susceptible to the interpretation that once a continuance has been granted at the request of the defendant, the provisions of Rule 3.191(d)(3) RCrP, nevertheless, require him to be brought to trial within 90 days. However, as we read this rule, it comes into play after a motion for discharge has been filed.[1]See State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861. In the case sub judice, since the trial occurred within a few days within the filing of the motion for discharge, the 90-day provision of Rule 3.191(d)(3) RCrP was inapplicable. Yet, we wholeheartedly agree that even though the accused has filed for a continuance, which is granted, he is still entitled to a speedy trial under Section 16, Article I, Declaration of Rights of the Florida Constitution, F.S.A. If he is not accorded a speedy trial under Section 16 he should be discharged.
The leading case on the constitutional right to a speedy trial is Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. This case involved a claim of the denial of the right to speedy trial under the U.S. Constitution in a case arising from a state which had no speedy trial rule. Speaking for the court, Justice Powell stated:
"We, therefore, reject both of the inflexible approaches  the fixed-time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which we have deemed fundamental. The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
"A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."
The court observed that all four factors were related and must be considered together with such other circumstances as may be relevant to determine whether there was a deprivation of the right to speedy trial. The court concluded that even though there was a five year delay between Barker's arrest and trial, he was not deprived of a speedy trial because he suffered only minimal prejudice due to the delay and because he had not made any serious efforts to bring the case to trial.
While Florida is at liberty to interpret its own constitution more strictly, our Supreme Court in State ex rel. Butler v. Cullen, supra, adopted a position strikingly similar to Barker v. Wingo when it said:
"It appears on the face of the petition that petitioners requested a continuance *183 so that they would have additional time within which to prepare their defense. When the continuance was granted, the time limitations in the rule were no longer applicable and the Court had the right and authority to set the case for trial within a reasonable time.
"In other words, the purpose of the Speedy Trial rule is to implement the practice and procedure by which a defendant may seek and be guaranteed his speedy trial. When the time limitations set forth in the rule were waived by petitioners seeking a continuance, then it became incumbent upon the trial court to set a trial date far enough in advance to allow the petitioners adequate time for preparation of their defenses, but, also, guaranteeing to the petitioners their constitutional right to a speedy trial. The facts and circumstances of each case may differ.
* * * * * *
"When the continuance was granted and the time limitations set forth in the rule were no longer applicable, the trial judge was nevertheless required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances. Any unreasonable delay arising from the negligence of the prosecution without fault or consent by the accused violates the guaranty of a speedy trial."
The record in the instant case reflects nothing more than appellant's motion for discharge and a minute book entry indicating denial of the motion. In view of the sixteen month delay and a silent record, the case is hereby remanded with directions for the trial court to hold an evidentiary hearing following the principles of Barker v. Wingo, supra, to determine whether appellant was denied his constitutional right to a speedy trial. Should the judge conclude that the appellant's speedy trial rights were violated, he should vacate the judgment and sentence. A copy of the order should be sent to this court, and the state would have a right to file a new appeal from that order. If the trial judge should determine that appellant's speedy trial rights were not violated, he should enter an order setting forth his findings in support of this conclusion. This order, together with the record of the hearing, should then be transmitted to this court for review of its legal sufficiency.
Remanded with directions.
BOARDMAN and GRIMES, JJ., concur.
HOBSON, A.C.J., dissents with opinion.
HOBSON, Acting Chief Judge (dissenting).
I think the majority opinion is in direct conflict with our Supreme Court opinions in Negron v. State and Butler v. State, supra. In Negron, I interpret the opinion to hold that even though a continuance has been granted at the request of the defendant, the provisions of Rule 3.191(d)(3), RCrP, nevertheless required him to be brought to trial within 90 days.
In my opinion the Butler case, supra, requires the discharge of the appellant in this cause. The majority opinion recognizes that even though the accused has filed for a continuance, which is granted, he is still entitled to a speedy trial under Section 16, Article I, Declaration of Rights. To me, a delay of sixteen months from the date the continuance was granted until the State noticed the appellant for trial is unreasonable and is a denial of a speedy trial.
*184 Our Speedy Trial Rule 3.191(a)(1) requires that
"every person charged with a crime by indictment or information shall without demand be brought to trial * * * within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; ..."
The appellant, herein, was available for trial for a period of sixteen months from the time he moved for a continuance until he was notified by the State of a trial date. Under the pronouncements in Negron and Butler, supra, this was an unreasonable delay of a speedy trial and the appellant is entitled to be discharged.
NOTES
[1] RCrP 3.191(d)(3): "Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a codefendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days."