359 So.2d 33 (1978)
STATE of Florida, Appellant,
v.
Floyd REESE and Fredrick Raymond down, Appellees.
Nos. 77-1731, 77-1732.
District Court of Appeal of Florida, Fourth District.
May 31, 1978.
Michael J. Satz, State's Atty., and Lisa Kline Goldstein, Asst. State's Atty., Fort Lauderdale, for appellant.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellee, Floyd Reese.
*34 Richard L. Jorandby, Public Defender, and Allen J. De Weese, Asst. Public Defender, West Palm Beach, for appellee, Fredrick Raymond Down.
LETTS, Judge.
While awaiting trial on felony charges, the defense requested a continuance. Thereafter, in these consolidated appeals, the State requested, and received, 1 continuance in the first case and 3 in the second. In both cases the defendant moved for discharge more than 90 days after a State requested continuance and more than 180 days after the original taking into custody. The trial court granted the motion to discharge in both cases. We affirm.
To reach this conclusion the trial judge ruled that:
"Any continuance charged to the defense that occurred before the continuance charged to the state shall be of no consequence."
We agree, because in these two cases the defendant gave no specific waiver of his right to speedy trial, nor did he file any further requests for continuances after the State did. The result therefore, is controlled by the Supreme Court holding in Negron v. State, 306 So.2d 104 (Fla. 1974).
To us, Negron is exactly on point and affirmance of these two cases now before us would normally not merit an opinion. However, the State here argues that, neither the district courts, nor the Supreme Court, have followed Negron. To this end, the State cites State ex rel. Gadson v. Tyson, 334 So.2d 56 (Fla. 4th DCA 1976) and Coppola v. State, 318 So.2d 181 (Fla. 2nd DCA 1975) affirmed, 337 So.2d 779 (Fla. 1976).
In Gadson, supra, we had a similar sequence of events to those now before us, except for the vitally important distinction that the motion for discharge was filed only 173 days after the custody date. We agree with and reaffirm Gadson, but by contrast in the consolidated cases at bar, the motions for discharge were filed after the passage of 180 days from custody. In Coppola, on the other hand, there was a specific waiver of the right to speedy trial under Rule 3.191(d)(2)(i) which is not so in the cases at bar. We thus distinguish them.
The State also argues that the Florida Supreme Court erroneously applied Fla.R. of Crim.P. 3.191(d)(3) in Negron, because that rule merely provides that the trial must commence within 90 days from the voiding of a motion to discharge and says nothing whatever about the trial having to commence within 90 days from a State continuance. We agree that the rule does not so state and admit to being perplexed at the wording of the opinion in Negron.[1] However, we certainly cannot ignore the result and would point out that it appears to us that the Supreme Court, in Negron, borrowed the 90 day provision from Rule 3.191(d)(3) and adapted its time provision for use as a parallel, in conjunction with the general precepts set forth in the Constitution and in Butler v. Cullen, 253 So.2d 861 (Fla. 1971), (see Negron at p. 107). In Butler the Supreme Court specifically held that even when the speedy trial rule has been specifically waived and the 180 day rule rendered inapplicable thereby, it is still incumbent upon the trial court to set the time for trial within the parameters of basic speedy trial constitutional guarantees.
We must conclude then that, in the event of a State continuance, whether or not it follows an earlier defense continuance, the basic constitutional time limit, for the commencement of trial, is no more than 90 days after any State continuance, which is uninterrupted by any further defense motions for continuance or waivers, PROVIDING that the requisite 180 days has also run under Fla.R.Crim.P. 3.191(a)(1).
AFFIRMED.
ANSTEAD, J., and MINER, Jr., Associate Judge, concur.
NOTES
[1] Similar misgivings were enunciated in our Gadson opinion (supra. at p. 58).