KEHOE, Judge.
Appellant, defendant below, brings this appeal from her judgment of conviction and sentence for bribery. We reverse.
The sole question presented by this appeal is whether the trial court erred in denying appellant’s motion to dismiss pursuant to the speedy trial rule, Florida Rule Criminal Procedure 3.191(d)(3), because her trial commenced more than 90 days after a State continuance, which period was uninterrupted by any defense motions, and after the requisite 180 days had run from the arrest date.
The facts pertinent to this cause may be summarized as follows: Appellant was arrested on July 8, 1976. On October 21, 1976, appellant moved for a continuance which was granted by the trial court. Trial was set for December 6, 1976. , However, trial was not held on December 6, 1976, because of a crowded court calendar. Upon its own initiative, the trial court set the trial for February 14, 1977. At this latter date, appellant indicated she was ready for trial; however, the trial court continued the case to March 7, 1977. On March 8, 1977, the trial court heard appellant’s motion to dismiss pursuant to the speedy trial rule, Florida Rule Criminal Procedure 3.191(d)(3). The ground for appellant’s motion was that more than 90 days had elapsed after a State, i. e., the trial court, requested continuance and that more than 180 days had elapsed after her arrest. The motion was denied by the trial court. Appellant was subsequently convicted of two counts of bribery.
Although seemingly simple, Rule 3.191 is compound in its complexities. However, predicated upon the facts in the instant cause, in our opinion the Florida Supreme Court in Negron v. State, 306 So.2d 104 (Fla.1974), has supplied us with the answer to the instant problem. The Court in Neg-ron has applied the 90 day provision from Florida Rule Criminal Procedure 3.191(d)(3) by adopting its time provision for use as the standard for when a defendant must be brought to trial after a State continuance. We perceive no difference, nor have the appellant and appellee urged one, between a State continuance and continuance em-nating from the trial court, as was the case herein. In the recent case of State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978), which followed Negron, the principle was instructively set-forth as follows:
“. . .in the event of a State continuance, whether or not it follows an earlier defense continuance, the basic constitutional time limit, for the commencement of trial, is no more than 90 days after any State continuance, which is uninterrupted by any further defense motions for continuance or waivers, provid *527 ing the requisite 180 days has also run under Fla.R.Crim.P. 3.191(a)(1).” Id. at 34.
But cf. Coppola v. State, 318 So.2d 181 (Fla. 2d DCA 1975) (90 day rule applies after motion for discharge is filed).
In the instant case, appellant moved to dismiss pursuant to Florida Rule Criminal Procedure 3.191(d)(3), 243 days after her arrest and 92 days after a State requested continuance. The State requested continuance was uninterrupted by any defense motions for continuance; however, appellee contends that, as found by the trial court in its denial of appellant’s motion to dismiss for breach of the speedy trial rule, appellant “acquiesced” in the resetting of her trial. Our review of the record reflects that appellant announced she was ready for trial, but did not specifically object to the resetting of her trial by the trial court on any speedy trial ground. At the time the trial court made its determination that appellant had “acquiesced” in the resetting of her trial, the trial court did not have the benefit of the Florida Supreme Court’s opinion in Stuart v. State, 360 So.2d 406 (Fla.1978), which held that a defendant is under no obligation to continuously object to the setting of a trial date beyond the speedy trial limits where the defendant is continuously available for trial. Based on the principle set forth in Stuart and the facts herein, appellant did not waive her right to a speedy trial.
Accordingly, based upon the authorities set forth above, appellant is entitled to a discharge. Therefore, the cause is remanded to the trial court with directions to discharge appellant.
Reversed and remanded with directions.