DOWNEY, Chief Judge.
Petitioner seeks to prohibit the trial court from exercising further jurisdiction over her on the grounds that the speedy trial time has expired.
The speedy trial period commenced running October 23, 1977, when Petitioner was taken into custody. On March 9, 1978, Petitioner was granted a continuance. On May 30, 1978, the State was granted a continuance. Thereafter, the Petitioner filed no motion to delay the trial date though the State obtained two further continuances. On September 5, 1978, Petitioner filed a motion for discharge which was denied October 18, 1978.
This court held in State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978) cert. denied, 365 So.2d 715 (Fla.1978):
“ . .in the event of a State continuance, whether or not it follows an earlier defense continuance, the basic constitutional time limit, for the commencement of trial, is no more than 90 days after any State continuance, which is uninterrupted by any further defense motions for continuance or waivers, PROVIDING that the requisite 180 days has also run under Fla.R.Crim.P. 3.191(a)(1).” (359 So.2d at 34)
This holding was based upon the decision of the Supreme Court in Negron v. State, 306 So.2d 104 (Fla.1974). See also Johnson v. State, 366 So.2d 525 (Fla. 3rd DCA 1979).
In the case at bar when Petitioner moved for discharge more than 90 days had expired since a State continuance without interruption by any defense motions for continuance or waivers, and more than 180 days had expired since Petitioner was taken into custody.
Thus, it appears the trial court was without jurisdiction to proceed further and Petitioner is entitled to discharge for failure to bring her to trial within the time provided in Fla.R.Crim.P. 3.191(d)(3).
*944 Prohibition is granted and the trial court is directed to discharge Petitioner.
ANSTEAD and LETTS, JJ., concur.