BERANEK, Judge.
Defendant seeks by writ of prohibition to overturn the trial court’s order denying his motion for discharge based on an alleged violation of Florida Rule of Criminal Procedure 3.191 governing speedy trial. Defendant was arrested on April 7, 1978. Defense continuances on three occasions had the effect of producing a trial date of almost exactly one year away, April 9, 1979. None of the defense motions for continuance contained an express waiver of the right to speedy trial under the Rule or Constitution. Two State continuances were granted after the initial defense continuances. This resulted in a scheduled trial date of July 30, 1979.
The 180th day after defendant’s arrest occurred on October 5, 1978. The 90th day after the State’s first continuance granted on April 9, 1979, occurred on July 8, 1979. Petitioner filed his motion for discharge on July 20, 1979, which was thereafter denied. The writ of prohibition was filed on August 14, 1979.
Under State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978), the State’s continuance had *CVIII the effect of delaying defendant’s trial for more than 90 days beyond the continuance which period was uninterrupted by any further defense motions for continuance or waivers. The 180-day provision under Florida Rule of Criminal Procedure 3.191(a)(1) had also run. The Reese case and Negron v. State, 306 So.2d 104 (Fla.1974), dictate a finding that the constitutional speedy trial time limitation ran and that the defendant is entitled to discharge.
The State contends that Reese, supra, holds that one is denied his constitutional right to speedy trial only when trial does not commence within 90 days of the State’s “last continuance” and where the 180-day time limit of Rule 3.191 has expired. We disagree. Reese held that defendant’s trial must commence within 90 days after any State continuance which is uninterrupted by any further defense motion for continuance or waiver, if the 180 days has also run. Further, in answer to the State’s suggestion that the 90-day period runs from the last State continuance, we note that there was no attempt to extend the speedy trial time pursuant to Florida Rule of Criminal Procedure 3.191(d)(2) and (f). If the reason for the State continuance was within one of the “exceptional circumstances” defined in the Rule, this should have been brought to the court’s attention and an appropriate order entered.
The writ of prohibition is granted and the matter remanded to the trial court with directions to discharge the defendant.
PROHIBITION GRANTED.
DOWNEY, C. J., and LETTS, J., concur.