383 So.2d 928 (1980)
STATE of Florida, Appellant,
v.
John BUFFORD, Appellee.
No. 78-2466/T4-293.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
As Clarified On Denial of Rehearing May 27, 1980.
*929 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, App. Div. Asst. Public Defender, West Palm Beach, for appellee.
DAUKSCH, Chief Judge.
The order discharging appellee is reversed because no violation of the Speedy Trial Rule was committed by failing to bring the appellee to trial within 180 days of having been taken into custody. Rule 3.191, Fla.R.Crim.P. (1977). Even though appellee was not tried within the 180 days, his case was taken out of the operation of that rule by his having moved for and obtained a continuance. State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978), cert. denied 360 So.2d 1249 (Fla. 1978). The appellee was also not entitled to a discharge because the trial court had earlier properly granted a continuance requested by the appellant. Kurtz said:
We also hold that the State's proper Motion for Continuance, which was granted, also took this matter out of the strict operation of the Speedy Trial Rule.

Id. at 892.
In granting the appellee's motion for discharge in this case, the trial court relied upon State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978), cert. denied 365 So.2d 715 (Fla. 1978), which is apparently in conflict with Kurtz and Coppola v. State, 318 So.2d 181 (Fla.2d DCA 1975), aff'd 337 So.2d 779 (Fla. 1976).
While we agree confusion has naturally resulted from the Kurtz and Reese decisions, we will attempt to clear up the matter. We agree with Kurtz which says when either the defendant or the state is properly granted a continuance then the matter is taken out of the operation of the Speedy Trial Rule and the defendant is entitled to a speedy trial only within the constitutional guidelines as expressed, for example, in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The only manner in which the Speedy Trial Rule is brought back into operation is if the defendant files a motion for discharge and then the defendant must be brought to trial within 90 days after that motion is filed. This is in accordance with, and within the limits defined in, State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971), and Coppola *930 v. State, 337 So.2d 779 (Fla. 1976). Rule 3.191(d)(3), Florida Rules of Criminal Procedure (1977), is the applicable rule and it provides the framework within which the foregoing cases rest.
It is our holding that if a defendant requests and is granted a continuance, he can no longer claim entitlement under Rule 3.191, Florida Rules of Criminal Procedure (1977), except within the limited circumstances in Rule 3.191(d)(3), Florida Rules of Criminal Procedure (1977).
We also hold that the state's properly granted motion for continuance takes the matter out of the operation of the Speedy Trial Rule. Additionally, we hold that if after the later of either the foregoing circumstances occur the defendant files a motion for discharge, then the defendant must be brought to trial within 90 days of the filing of the motion to discharge or within 180 days from when the defendant was first taken into custody, whichever is later.
This decision is in direct conflict with State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978).
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.