BERANEK, Judge.
This is an appeal by the State from an order discharging the defendant on speedy trial grounds. Defendant was arrested on July 27, 1978, and subsequently charged with possession of marijuana in excess of 100 pounds. Defendant’s trial was set and reset on several occasions. A 60-day extension of the speedy trial time was ordered and eventually defense counsel made an oral motion to discharge based on speedy *288 trial grounds. The trial court granted the motion by order of March 7, 1979, pursuant to Florida Rule of Criminal Procedure 3.191 and Article I, Section 16, of the Florida Constitution. We reverse.
The trial was initially set for December 4, 1978, before Judge Miette Burnstein. A continuance was ordered and a hearing was scheduled for January 16, 1979, on defendant’s motion to suppress certain evidence. At this hearing, defense counsel learned that the trial of the matter, now scheduled for January 22, 1979, within 180 days from arrest, had been reassigned to Judge Melvin Grossman, a newly appointed Circuit Judge. On January 16,1979, defense counsel filed a motion to disqualify Judge Grossman because he had previously been legal advisor to the City of Hollywood Police Department, which had investigated defendant’s alleged crime. On January 18, 1979, defendant also filed a motion to sever his trial from the trial of another co-defendant.
On January 22, 1979, Judge Grossman entered an order finding that the motion to disqualify was legally insufficient but, sua sponte recusing himself and transferring the case to Judge Thomas Coker, Chief Administrative Judge, for reassignment. On the same day, January 22, 1979, the State filed a motion to extend speedy trial time due to exceptional circumstances as delineated in Rule 3.191(d)(2) and 3.191(f). Judge Thomas Coker granted the motion and, by order of January 22, 1979, extended speedy trial time for a period of sixty days. This extension order was entered on the 178th day after defendant’s arrest.
Thereafter, on March 12, 1979, various motions were being argued before Judge Joseph Price, to whom the case had been reassigned. During this hearing, the defendant made an oral motion to discharge on speedy trial grounds. Eventually, the trial court entered a written order granting the motion based on both the Speedy Trial Rule and on the constitutional right to speedy trial.
Defendant/appellee argues that under the total circumstances, the trial court acted within its discretion in discharging the defendant based upon defendant’s constitutional right to speedy trial. These circumstances principally include the general delay in trial and the State’s failure to comply with defendant’s request for production of police reports under discovery.
We deal with the latter reason first. Defendant moved to compel production of the police reports but had obtained no ruling by the trial court on this issue. Further, the trial court actually deferred ruling on defendant’s motion to compel production of police reports pending an in camera inspection. Since the trial court had not ruled on the discovery issue, it could not have dismissed defendant for that reason. We must, therefore, look to the narrow issues of speedy trial as stated in the order of discharge.
First of all, there has been no technical violation of the speedy trial rule. Prior to the expiration of the 180-day period, speedy trial time was extended for 60 days based upon exceptional circumstances. An order to this effect had been entered by Judge Coker, and the transcript of the hearing in question makes it clear that Judge Price did not intend to overrule the prior extension order entered by Judge Coker. Judge Price stated:
I am not going to grant a motion to dismiss, specifically made on the basis that Judge Coker was in error in entering an order extending the time for speedy trial, because I don’t think it is up to me to say, but I’m not sure that you are making a motion for discharge simply on the basis that speedy trial has run.
After this statement, defense counsel orally argued the issue of constitutional speedy trial as opposed to a technical application of the rule and the trial court announced that the motion would be granted. Although the court’s oral ruling did not specify constitutional grounds, the written order specified both the rule and constitution. We do not find a constitutional speedy trial violation in accordance with precedent on the subject. This case does not fall within the rules of Negron v. State, 306 So.2d 104 (Fla.1974), and State v. Reese, *289 359 So.2d 33 (Fla. 4th DCA 1978). Ninety days had not run from a State continuance after a lapse of the initial 180-day period under the rule. We conclude that the order of discharge herein cannot be sustained on the basis of either the constitution or rule and the order of discharge is thus reversed. The cause is remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ„ concur.