389 So.2d 968 (1980)
Honorable Robert A. BUTTERWORTH, As Judge of the Circuit Court of the 17TH Judicial Circuit, IN AND FOR BROWARD COUNTY, Florida, Petitioner,
v.
Rosa Lee Fluellen, Respondent.
No. 57385.
Supreme Court of Florida.
July 24, 1980.
Rehearing Denied October 14, 1980.
Jim Smith, Atty. Gen., and Benedict P. Kuehne and Paul H. Zacks, Asst. Attys. Gen., West Palm Beach, for petitioner.
Alan H. Schreiber, Public Defender, and Channing E. Brackey, Asst. Public Defender, Fort Lauderdale, for respondent.
OVERTON, Justice.
The Fourth District Court of Appeal, in Fluellen v. Butterworth, 372 So.2d 943, 944 (Fla. 4th DCA 1979), certified the following questions to be of great public interest:
1. What is the applicability of Fla.R. Crim.P. 3.191(d)(3) in a situation where *969 (a) a defendant is granted a continuance, (b) the State is then granted a continuance, (c) the original Speedy Trial Rule time (180 days) passes, and (d) ninety days elapse from the State's continuance without any intervening defense continuances or delays?
2. When the Speedy Trial Rule time limitations are waived by virtue of a defense continuance, under what circumstances, if any, are any specific time periods of the Speedy Trial Rule, Fla.R.Crim.P. 3.191, reactivated absent any demand by the defendant?
We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
For the reasons expressed, we find the ninety-day provision of existing Rule of Criminal Procedure 3.191(d)(3)[1] does not apply when the state is granted a continuance after a prior continuance has been granted to the defendant. We quash the writ of prohibition issued by the district court and remand for further proceedings consistent with this opinion.
The relevant facts in the instant case reflect that on October 23, 1977, the respondent was taken into custody for the murder of John Alford. The respondent moved for and was granted for continuance on March 9, 1978. On May 30, 1978, the state was granted a continuance and subsequently obtained two further continuances. On September 5, 1978, the respondent filed a motion for discharge which was denied October 18, 1978. Respondent then filed a petition for writ of prohibition in the Fourth District Court of Appeal, which was granted. The district court found that the defendant was entitled to a discharge because the state failed to bring her to trial within the ninety-day period set forth in Rule of Criminal Procedure 3.191(d)(3). The district court also cited its prior decision in State v. Reese, 359 So.2d 33, 34 (Fla. 4th DCA 1978), cert. denied, 365 So.2d 715 (Fla. 1978), in which it stated:
[I]n the event of a State continuance, whether or not it follows an earlier defense continuance, the basic constitutional time limit, for the commencement of trial, is no more than 90 days after any State continuance, which is uninterrupted by any further defense motions for continuance or waivers, PROVIDING that the requisite 180 days has also run under Fla.R.Crim.P. 3.191(a)(1).
372 So.2d at 943.
The issue in this cause is whether a continuance by the state starts a new ninety-day time period within which the defendant must be brought to trial in accordance with the existing Rule of Criminal Procedure 3.191(d)(3), which reads as follows:
If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.
We expressly hold that the ninety-day provision in rule 3.191(d)(3) is applicable only after a "pending motion for discharge" has been denied by the court on the grounds of a continuance or delay attributable to the accused. We reject the contention that this ninety-day provision is applicable whenever the state seeks a continuance. Such was not the intent of the rule, and we recede from the implication in Negron v. State, 306 So.2d 104 (Fla. 1974), that this ninety-day provision applied to any continuance by the state. We note that this Court in Negron found that the defendant was entitled to a discharge because the 100-day delay after the state continuance was found to be unreasonable on constitutional grounds.
*970 In State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971), this Court held that when a defendant moves for and is granted a continuance, the 180-day limitation set forth in Rule of Criminal Procedure 3.191(a)(1) is no longer applicable. The defendant, however, is still entitled to a speedy trial. The appropriate standard for the trial court to consider in safeguarding this right to speedy trial was set forth by Justice Adkins in Cullen:
When the continuance was granted and the time limitations set forth in the rule were no longer applicable, the trial judge was nevertheless required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances. Any unreasonable delay arising from the negligence of the prosecution without fault or consent by the accused violates the guaranty of a speedy trial.
253 So.2d at 863. The position enunciated in Cullen is almost identical to the standards for speedy trial absent express time periods in statutes or rules as subsequently set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Although an order granting a defendant's motion for continuance waives the right to trial within 180 days, the defendant still retains the right to demand a speedy trial within sixty days pursuant to Rule of Criminal Procedure 3.191(a)(2). This provision, which is always available to a defendant who is ready for trial, not only guarantees the defendant an opportunity for an expeditious trial date, but also avoids the necessity for a court determination of reasonableness for speedy trial purposes. The failure of a defendant to use this tool, designed to ensure his right to a speedy trial, is a factor which the trial court may take into consideration when determining the unreasonableness of any delay under the Cullen and Barker constitutional tests.
In summary, we emphasize that a defendant's motion for a continuance does not relinquish all the defendant's rights to a speedy trial. Although the granting of the defendant's motion does waive the 180-day provision, the defendant retains his constitutional guarantee to a speedy trial within a reasonable time in accordance with the standards set forth in Cullen. If a defendant desires a more expeditious trial date, he may affirmatively demand a speedy trial and thus be brought to trial within sixty days. In the event a defendant believes he has been denied his right to speedy trial within a reasonable time and files a motion for discharge, a denial of that motion requires that the defendant be brought to trial within ninety days of the denial of defendant's motion pursuant to rule 3.191(d)(3). The denial of this motion has the same practical effect as another type of affirmative demand for a speedy trial.
For the reasons expressed in this opinion, we quash the instant decision of the district court and disapprove of its decision in State v. Reese and the decision of the Third District Court of Appeal in Johnson v. State, 366 So.2d 525 (Fla. 3d DCA 1979), cert. denied, 376 So.2d 76 (Fla. 1979). We remand this cause to the District Court of Appeal for further proceedings consistent with the views expressed in this opinion.
It is so ordered.
SUNDBERG, C.J., and ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] We modified Florida Rule of Criminal Procedure 3.191(d)(3) on July 18, 1980, to be effective January 1, 1981. In re Rules of Crim.P., No. 58,988 (Fla. July 18, 1980).