PER CURIAM.
This case involves an application of the speedy trial rule. Fla.R.Crim.P. 3.191. From May 10, 1978, when appellee was charged with delivery of cocaine through March 26,1979, the appellee was granted no less than five requests for continuance. On May 14, 1979 the appellant, State of Florida, was granted a continuance because its chemist was not available for trial. On August 24, 1979 the original trial judge recused himself and the matter was set for trial before a successor judge. The appel-lee’s motion for discharge was heard on September 10, 1979 and granted on February 26, 1980. Speedy trial time was tolled by order of the court on August 24, 1979 and the appellee specifically waived speedy trial in each of his motions for continuance. The State now appeals the order granting the discharge and we reverse.
The trial court relied on Negron v. State, 306 So.2d 104 (Fla.1974) and State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978) in granting the discharge, and correctly so at that time. Each of those cases has been overruled. See, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Van Johnson, 386 So.2d 1316 (Fla. 4th DCA 1980). Accordingly, the order granting the appellee’s discharge is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
MOORE, HERSEY and GLICKSTEIN, JJ., concur.