SIMONS, STUART M., Associate Judge.
The Appellants herein filed a Motion to Suppress on the day of trial and requested that it be heard before trial. Appellee objected on grounds that the motion was not served “a reasonable time before the time specified for the hearing.” The Court refused to hear the motion before trial, refused to consider it during the trial, and fur- . ther refused Appellants’ request to reset the matter for the next day instead of forcing a continuance. Over Appellants’ objections, the Court ordered a continuance and charged it to the Appellants. Appellants took no further steps to set the Motion to Suppress for hearing and did nothing further until they assumed the “speedy trial time” had run. When their Motion to Suppress was eventually heard and denied, they filed a Motion to Discharge, which was likewise denied. Those denials form the basis for appeal.
The Appellants argue that under Florida Rule of Criminal Procedure 3.190(h)(4) they had the right to file their Motion to Suppress on the day of trial. This rule, however, must be read in pari materia with Florida Rule of Criminal Procedure 3.060; consequently, the motion must be served a “reasonable” time before the hearing, absent any exceptional conditions as described in 3.190(h)(4). In this *481 case, Appellants failed to demonstrate any of these special conditions. Thus, the trial court acted within its discretion in continuing the matter and charging the continuance to the defendant. Having done so, the trial court was required to set the cause for trial within a “reasonable” time. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).
We cannot say that the cause was not set within a reasonable time. We have considered the other matters on appeal and find them to be without merit. Accordingly, the judgments and sentences appealed from are affirmed.
AFFIRMED.
MOORE and BERANEK, JJ., concur.