COWART, Judge.
Appellant, the accused in a criminal case, moved for a continuance specifically waiving his rights under Florida Rule of Criminal Procedure 3.191. Thereafter the State twice amended the information causing trial delay. More than 180 days[1] after appellant was taken into custody and more than 90 days[2] after the original trial date appellant moved for a discharge. The trial court granted the discharge citing State ex rel. Meredith v. Glickstein, 377 So.2d 27 (Fla. 4th DCA 1979); Johnson v. State, 366 So.2d 525 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979); and State v. Reese, 359 So.2d 33 (Fla. 4th DCA), cert. denied, 365 So.2d 715 (Fla.1978), and was correct in doing so at that time. However, those cases have now been disapproved and effectively overruled. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Johnson, 386 So.2d 1316 (Fla. 4th DCA 1980). See also State v. Pernell, 388 So.2d 1105 (Fla. 4th DCA 1980). The order granting the appellee’s discharge is reversed, his motion for discharge is denied,[3] and this cause is remanded for further proceedings.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.

. Fla.R.Crim.P. 3.191(a)(1).

. Fla.R.Crim.P. 3.191(d)(3).

. It should be noted that this opinion, when final, will itself be a denial of appellee’s motion for discharge and, under Butterworth, will commence the running of a new 90 day period within which appellee must be brought to trial under Florida Rule of Criminal Procedure 3.191(d)(3).