DANAHY, Judge.
We hold that when the state appeals an order suppressing evidence, it need not obtain a trial court order extending the speedy trial time period in accordance with rule 3.191(d)(2), Florida Rules of Criminal Procedure, if the defendant has previously filed an effective waiver of his right to be brought to trial within the period of time established in rule 3.191(a)(1). The trial judge in this case ruled to the contrary and discharged the defendant on the ground that rule 9.140(c)(2), Florida Appellate Rules, requires the state to obtain an extension of speedy trial time whenever the state appeals in a criminal case pursuant to that rule. We reverse.
Rule 9.140(c)(2) provides that an appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal. Section 924.071(2), Florida Statutes (1979), provides for an automatic stay during the pendency of a state appeal from a suppression order (among others). But neither the statutory automatic stay nor the request for stay required in rule 9.140(c)(2) has anything to do with the extension of speedy trial time. State v. Jenkins, 389 So.2d 971 (Fla.1980). In the Jenkins case, our supreme court held that regardless of the automatic stay provided in section 924.071(2), the state must request an extension of speedy trial time in accordance with rule 3.191(d)(2) when the state files an interlocutory appeal or an appeal from a dismissal of an indictment or information. In stating that rule, the court did not refer to the situation in which a defendant has previously made an effective waiver of speedy trial time under rule 3.191. Logic dictates that a state request for an extension is not necessary where, as in this case, a defendant has effectively waived speedy trial time under rule 3.191.
The defendant in the instant case did not request discharge for violation of his constitutional right to speedy trial, nor did the trial judge consider that question. The defendant’s request and the trial judge’s ruling concerned only the period of *1190 time specified in rule 3.191(a)(1). Notwithstanding our reversal of that ruling, the defendant retains his constitutional right to a speedy trial within a reasonable time or within any period of time available to the defendant other than the period of time specified in rule 3.191(a)(1). Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Leonetti, 393 So.2d 1199 (Fla. 5th DCA 1981).
SCHEB, C. J., and OTT, J., concur.