PER CURIAM.
The State appeals from an order discharging various defendants charged with trafficking and conspiracy to traffic in marijuana. The trial court found that Rule of Criminal Procedure 3.191 governing speedy trial requires that defendants be brought to trial within ninety days of the denial of a motion to discharge regardless of which side has taken a continuance. In construing Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), to this effect, the trial court overlooked the following statement of the Supreme Court in Fluellen :
We expressly hold that the ninety-day provision in rule 3.191(d)(3) is applicable only after a “pending motion for discharge” has been denied by the court on the grounds of a continuance or delay attributable to the accused. We reject the contention that this ninety-day provision is applicable whenever the state seeks a continuance. Such was not the *1173 Intent of the rule, and we recede from the implication in Negron v. State, 306 So.2d 104 (Fla.1974), that this ninety-day provision applied to any continuance by the state. We note that this Court in Negron found that the defendant was entitled to a discharge because the 100-day delay after the state continuance was found to be unreasonable on constitutional grounds.
At 969.
We conclude, therefore, that the trial court erred in its technical application of the speedy trial rule.
The court also found that the defendants’ constitutional rights to speedy trial had been violated. The landmark decision on constitutional speedy trial is Barker v. Win-go, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). There, the United States Supreme Court concluded that constitutional speedy trial questions are to be determined on a case-by-case basis applying the four elements which were there listed as: (1) length of delay, (2) reason for delay, (3) whether the defendant asserted his right to be tried speedily, and (4) prejudice to the defendant caused by the delay. The Barker v. Wingo precedent has been recently discussed with clarity in Judge Cobb’s opinion in State v. Bonamy, 409 So.2d 518 (Fla. 5th DCA 1982), (7 FLW 421).
Although the trial court’s order recites that a constitutional violation occurred, no factual findings are made in support of the conclusion, and our review of the record discloses an absence of evidence on several of the four requirements. We, therefore, reverse the discharge based upon constitutional speedy trial grounds and remand to the trial court for further proceedings. Defendants may reassert their motion for discharge based on constitutional grounds in accordance with the aforecited precedents.
REVERSED AND REMANDED.
BERANEK and HURLEY, JJ., and BURNSTEIN, MIETTE K., Associate Judge, concur.