DAUKSCH, Judge.
This is an appeal from an order of discharge under the speedy trial rule. Fla.R. Crim.P. 3.191. We affirm the order.
Appellee McDonald and Peter Ventura were arrested and charged with Murder in the First Degree on account of the death of Robert G. Clemente. The arrest of McDonald occurred on June 25, 1981 and according to the speedy trial rule the trial was required to have been commenced within 180 days, or by December 22, 1981. Fla.R. Crim.P. 3.191(a)(1). Because McDonald had not been brought to trial within the requisite time period he obtained the order of discharge. Fla.R.Crim.P. 3.191(a)(1), 3.191(d)(1).
The state appeals the discharge alleging that exceptional circumstances had been shown which prevented a timely trial. The speedy trial rule permits an extension of its effect once the court by written or recorded order finds one of the enumerated exceptional circumstances has been established. Rule 3.191(d)(2) [1]. The definition of exceptional circumstances, under the Rule, is as follows:
(f) Exceptional Circumstances. As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; *1382 (ii) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule; (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; (iv) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (v) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (vi) a showing by the State that the accused has caused major delay or disruption or preparation of proceedings; as by preventing the attendance of witnesses or otherwise.
Under the foregoing circumstances the Court may set a new trial date within a reasonable time.
The order which granted the appellee’s motion for discharge is set out below:
ORDER
THIS CAUSE having come on to be heard in Open Court on January 18,1982, upon Defendant, JACK MCDONALD’S, “Motion For Discharge” pursuant to FrCP 3.191(d)(1), and the Court having heard argument of counsel, makes the following finding of facts:
1. Defendant, JACK McDONALD, was indicted for First Degree Murder on June 25, 1981.
2. Defendant, JACK McDONALD, was arrested June 25, 1981.
3. Defendant, JACK McDONALD, was incarcerated in the Volusia County Jail from June 25, 1981, and continuously for One Hundred and Eighty-One (181) Days subsequent to that date.
4. The State of Florida continued this matter at Pre-Trial four (4) times for the following reasons:
a. On August 25, 1981, the State of Florida moved for a continuance and extension of Speedy Trial as they were unable to locate PETER VENTURA, the charged Co-Defendant.
b. On October 15, 1981, the State of Florida moved for a continuance based on the fact that Co-Defendant, PETER VENTURA, is a fugitive and being sought by authorities.
c. On November 6, 1981, the State of Florida, moved for a continuance based on the fact that they had a complex land fraud trial in Putnam County and would be unable to participate in Defendant, jack McDonald’s, trial.
d. On December 1, 1981, the State of Florida moved for a continuance and extension of Speedy Trial based on the grounds that they were unable to locate PETER VENTURA, the charged Co-Defendant.
5. On December 2, 1981, the State announced there was insufficient evidence to try Defendant, JACK McDONALD, without Co-Defendant, PETER VENTU-RA, who is at large and if Co-Defendant, PETER VENTURA, was found the State would move for a severance, try Co-Defendant, PETER VENTURA, first and attempt to use Co-Defendant, PETER VENTURA’S, testimony to convict Defendant, JACK McDONALD. The State of Florida never informed the Court that Co-Defendant, PETER VENTURA, would testify, only that they would attempt to make him a witness. Co-Defendant, PETER VENTURA, at his arrest made no statement admitting guilt nor has Co-Defendant, PETER VENTU-RA, ever agreed to testify for the State.
6. There was no exceptional circumstances justifying an extension of Speedy Trial and the State’s Motion for Extension of same was denied on December 21, 1981.
7. On January 11, 1982, the Defendant, JACK McDONALD, announced *1383 ready for trial at the Pre-Trial, and the State announced not ready again.
8. On January 18, 1982, the State announced not ready for trial, and the Defendant, JACK McDONALD, announced ready for trial.
WHEREFORE, it appearing to the Court that Two Hundred and Seven (207) Days have run from the date of Defendant’s arrest and the State of Florida has announced that it is not ready to proceed to trial and the Defendant, JACK MCDONALD, again announced ready and there being no showing of justifiable exceptional circumstances, it is, therefore,
ORDERED and ADJUDGED that the Defendant’s “Motion For Discharge” is hereby granted and he is discharged from further prosecution of the crime of Murder in the First Degree.
Our review of the record discloses that the trial judge was correct in his ruling regarding the lack of exceptional circumstances which would have permitted him to extend the speedy trial period. The state has attempted to hang its hat on the peg numbered (5) in 3.191(f) “a showing that a delay is necessary to accomodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant” to argue its entitlement to an extension of the speedy trial period. This argument fails because the delay was not to accommodate a co-defendant but was a strategic maneuver by the state to attempt to have the co-defendant as a witness. Not once did the state forthrightly and honestly set forth to the trial judge that it was because of a missing witness which necessitated the delay. It was always, “Ventura, the co-defendant is missing and we need him at trial.”
In its brief and at trial the state has argued that the case of State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980), petition discharged, 401 So.2d 1321 (Fla.1981) is applicable because of the wording which says we agree with Kurtz (meaning State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978), cert. denied, 360 So.2d 1249 (Fla.1978)), which says when either the defendant or the state is properly granted a continuance then the matter is taken out of the operation of the speedy trial rule and the defendant is entitled to a speedy trial only within the constitutional guidelines.
Some statements in those eases appear to be in conflict with this case. Not just any continuance properly granted to the state will take the case out of the operation of the speedy trial rule. Only where the trial judge properly grants an extension and only for the time period of that extension is the speedy trial period affected. The words and dicta of Bufford which conflict with this case are hereby receded from and the words and dicta of Kurtz which are in conflict are rejected.[2]
The order of discharge is
AFFIRMED.
COBB and SHARP, JJ., concur.

. 3.191(d)(2). When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.

. Although not at all legally significant, by pure happenstance and fortune the author of this opinion also authored Bufford and Kurtz.