GRIMES, Acting Chief Judge.
These appeals involve the effect of an order determining incompetency to stand trial upon the speedy trial rule.
Appellant was arrested on January 19, 1981, for sexual battery of a five-year-old child. On February 18, 1981, the state attorney filed an information against him for handling and fondling the child (Cir.Ct. case no. 81-122; App.Ct. case no. 83-202). On March 25, 1981, the appellant was indicted for sexual battery of the same child though at a different time (Cir.Ct. case no. 81-121; App.Ct. case no. 83-201). On the same date the appellant was also indicted for sexual battery of two other children (Cir.Ct. case no. 81-485; App.Ct. case no. 83-203) (Cir.Ct. case no. 81-486; App.Ct. case no. 83-204). He was arrested on the latter two charges on April 1, 1981.
In case no. 81-122 appellant filed a motion for a sanity evaluation on the premise that he was not mentally competent to stand trial. Following an evaluation the court determined appellant to be incompetent to stand trial and entered an order of commitment on April 10, 1981. On April 14, 1981, appellant then filed in case nos. 81-121, 81-485 and 81-486 a motion to determine his incompetency to stand trial and attached thereto a copy of the order of commitment in case no. 81-122. The court *1073 granted these motions on April 28, 1981, and entered orders of commitment in the three remaining cases on May 7, 1981.
On September 2, 1981, the court found appellant competent to stand trial in all four cases and set a trial date of November 5,1981. Appellant then successfully obtained an order suppressing his confession in all four cases. The state appealed the order of suppression in these cases which by now had been formally consolidated. The trial was postponed because of the appeal, but the state did not obtain an order extending the speedy trial time. On January 18,1982, the appellant filed a motion for discharge in case nos. 81-121 and 81-122. He filed a similar motion on February 1, 1982, in case nos. 81-485 and 81-486. The court denied the motions for discharge.
Thereafter, the jury found appellant guilty as charged in case nos. 81-122 and 81 — 486 and convicted appellant of the lesser included offense of attempted sexual battery in case no. 81-121. In case no. 81-485 appellant pled nolo contendere to the charge preserving his right to appeal the denial of his motion for discharge. The court sentenced appellant to concurrent terms of life imprisonment in case nos. 81-485 and 81-486. Appellant was given a concurrent sentence of thirty years in case no. 81-121, but he was not sentenced in ease no. 81-122.
Appellant argues that in each case his speedy trial time was tolled only for the period between the date of the order of commitment and the date he was determined competent to stand trial. If the speedy trial time had been computed upon this premise, then more than 180 days would have elapsed from the date of his arrest to the date of his motion for discharge in all four cases. The trial court denied appellant’s motion for discharge on the theory that the granting of appellant’s motion for a determination of incompetency to stand trial was equivalent to the granting of a motion for continuance, which under Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), constitutes a total waiver of the speedy trial rule.
Admittedly, an order determining that a defendant is incompetent to stand trial results in postponing the trial. However, Florida Rule of Criminal Procedure 3.214(d) specifically addresses the effect of an order of incompetency on the speedy trial rule:
(d) The provisions of Rule 3.191 shall no longer apply to any defendant adjudged incompetent to stand trial until, in the case of a defendant whose charges have not been dismissed pursuant to these rules, the date the defendant is again adjudicated competent to stand trial or, in the case of a defendant whose charges have been dismissed without prejudice, the date the charges are again filed.
To hold that an adjudication of incompetency constitutes a complete waiver of rule 3.191 would fly in the face of the tolling language of rule 3.214(d).
Therefore, we conclude that the computation of speedy trial time in each case must be determined by deducting the length of time the speedy trial rule was tolled by the order of incompetency from the number of days between appellant’s arrest and his motion for discharge. Under any interpretation of the length of time attributable to appellant’s incompetency, more than 180 days had elapsed in case nos. 81-121 and 81-122 when appellant filed his motions for discharge.
The computations are closer in case nos. 81-485 and 81-486. Whether the appellant was entitled to be discharged in these cases depends upon when the incompetency tolling period began. If the tolling of the speedy trial time did not commence until May 7, 1981, the date upon which appellant’s order of commitment was signed, then appellant was also entitled to discharge in these cases. However, we believe that the tolling period commenced no later than April 10, 1981, which was the date that appellant was declared incompetent to stand trial in case no. 81-122. While the four cases had not yet been consolidated it was the April 10, 1981, order of incompetency entered in case no. 81-122 upon which appellant relied to obtain in *1074 competency orders in the other three cases. When appellant was declared incompetent to stand trial in case no. 81-122 he could not possibly have been brought to trial on the three other cases pending before the same judge. Once appellant was declared incompetent in one case the state should not have been charged with the time it took to have appellant declared incompetent in the other three. When the period between April 10, 1981, and September 2, 1981, is subtracted from the speedy trial time it appears that 180 days had not yet elapsed when appellant made his motion for discharge in case nos. 81-485 and 81-486.
There is an alternate basis for'upholding these latter convictions. No formal order finding appellant competent to stand trial was ever entered in any of the cases. The record reflects only an entry in the court minutes of September 2,1981, stating that the court found appellant competent to stand trial. No one disputes that this did not suffice to declare appellant competent. But the point is that since appellant must rely on a minute book entry for the date he was declared competent, he cannot complain if the state also relies upon a similar minute book entry reflecting that the court granted appellant’s motion to determine competency on April 28, 1981. The transcript of the hearing of April 28, 1981, demonstrates that the court did in fact declare appellant incompetent to stand trial on that date. However, after a discussion with appellant’s counsel, the court decided to enter a formal written order of commitment so as to provide the Department of Health and Rehabilitative Services with written authority to take appellant into custody. If the time between the docket entries of April 28, 1981, and September 2, 1981, is considered to be the proper tolling period of incompetency, then the appellant’s motions for discharge in case nos. 81-485 and 81-486 were filed exactly on the 180th day. Thus, appellant’s speedy trial time had not yet run.
Accordingly, we reverse the judgments and sentences in case nos. 81-121 and 81-122 and direct that appellant be discharged of these crimes. We affirm the judgments and sentences in case nos. 81-485 and 81-486.
SCHOONOVER and LEHAN, JJ., concur.