GRIMES, Acting Chief Judge,
concurring specially.
From a review of the file, I cannot tell whether the order granting extension of speedy trial was entered after consultation with appellant’s lawyer. There must have been some discussion of speedy trial because the order notes that all defendants had declined the opportunity to go to trial on January 19, 1981, which was five days prior to the expiration of the speedy trial time. In any event, if appellant was aggrieved he could have sought a rehearing. He could have also attacked the propriety of the order by moving for a discharge after the expiration of the original 180 days, though the justification for the extension was well supported by the record. Instead, appellant waived his right to complain by filing a motion to continue the trial which had been reset for March 2, 1981, and then disappearing for approximately two years. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). Only after losing his fight against extradition from New York did he file for the first time a motion for discharge. Justice would be poorly served to permit appellant now to assert that he was deprived of a speedy trial.