## STATE OF FLORIDA v WRIGHT

Case No. 87-030 AC (County Court Case No. 65937MW)

Eleventh Judicial Circuit, Appellate Division, Dade County

November 17, 1987

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, for appellant.

**Robert E. Craig** for appellee.

Before NADLER, FEDER, SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Defendant, (Appellee herein) was arrested on January 10, 1986

on several charges including Driving Under the Influence. At arraignment, Defense Counsel advised the Court that he would be out of town and requested trial be set during April. Defense Counsel stated: "I waive Speedies here and now, Judge, and I'll file a written waiver letter". Accordingly, the Court set the trial after April 1st. Defendant filed neither a written waiver nor a request for Continuance.

In May 1987, the Defendant filed a Motion to Discharge under the provisions of Speedy Trial, Fla. R. Crim. Pro. Sec. 3.191(a)(1). The Court dismissed the D.U.I. charges. This appeal followed.

The State argues that Defendant clearly and unequivocally waived Speedy Trial Right. The Defendant/Appellee argues that the wording used by Defense Counsel at arraignment should be interpreted as an "offer" to waive the right.

Defense Counsel's statement clearly and unequivocally waived the Defendant's right to Speedy Trial. A continuance which is properly chargeable to the defense renders the statutory time period for bringing Defendant to trial inapplicable. Fla. Rules Crim. P. 3.191(a)(1). *Butterworth v. Fluellen,* 389 So.2d 968 (Fla. 1980).

Further, under the Standards set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182 (1972), the Defendant has not suffered any actual or presumptive prejudice. The length of time between the date Defendant committed the offense and the date the Motion was heard is less than nine months.

The entering of the Motion to Discharge by the lower Court is hereby reversed with instructions to reinstate charges in accordance with this Opinion.