WALDEN, Chief Judge.
This is a Suggestion of a Writ of Prohibition.
Relator is charged with a felony. He claims that he is entitled to the issuance of the Writ to prohibit his prosecution. It is based upon the state’s alleged failure to accord him a speedy trial under the provisions of F.R.Cr.P. 3.191.
The relevant dates are:
1. August 22, 1975, defendant taken into custody.
2. October 14, 1975, first trial date, defendant granted continuance.
3. November 12, 1975, second trial date, state granted a continuance.
4. January 8, 1976, third trial date, Court continuance.
5. February 11, 1976, defendant filed a motion for discharge, which was denied.
In his Suggestion the defendant contends that F.R.Cr.P. 3.191(d)(3), as interpreted by Negron v. State, 306 So.2d 104 (Fla.1975), demonstrates that the trial court is without jurisdiction. Defendant argues that he had to be brought to trial within ninety days of November 12, 1975, the date upon which his last request for a continuance expired; when he filed his motion for discharge on February 11, 1976, ninety-one days had passed since the expiration of his last requested continuance and, therefore, he should have been discharged. We hold this contention to be erroneous.
F.R.Cr.P. 3.191(d)(3) provides:

“Continuance-, Effect on Motion

“If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time exten *58 sion has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.” (Emphasis supplied.)
The defendant’s interpretation of the provision would mean that a defendant, without filing a demand for speedy trial, could shorten the 180 day period by requesting a continuance and moving for discharge ninety-one days thereafter. A reading of F.R.Cr.P. 3.191(d)(3) shows that the 90 day period within which a defendant must be brought to trial does not begin to run until a motion for discharge has been denied. Coppola v. State, 318 So.2d 181 (2d DCA Fla.1975):
“In Negron v. State, Fla. 1974, 306 So.2d 104, the Supreme Court held that a four and one-half month delay in going to trial following a continuance obtained by the state violated the accused’s right to a speedy trial. Some of the language of this opinion is susceptible to the interpretation that once a continuance has been granted at the request of the defendant, the provisions of Rule 3.-191(d)(3) RCrP, nevertheless, require him to be brought to trial within 90 days. However, as we read this rule, it comes into play after a motion for discharge has been filed. See State ex rel. Butler v. Cullen, Fla.1971, 253 So.2d 861. In the case sub judice, since the trial occurred within a few days within the filing of the motion for discharge, the 90-day provision of Rule 3.191(d)(3) RCrP was inapplicable. Yet, we wholeheartedly agree that even though the accused has filed for a continuance, which is granted, he is still entitled to a speedy trial under Section 16, Article I, Declaration of Rights of the Florida Constitution, F.S.A. If he is not accorded a speedy trial under Section 16 he should be discharged.” (Emphasis supplied.)
We hold that defendant’s contention that he had to be brought to trial within ninety days of the last continuance he requested is erroneous for two reasons. First, the facts in Negron, 306 So.2d 104 (Fla.1974), are distinguishable and, therefore, not disposi-tive of the issue raised by the facts in the instant case. In Negron 180 days had elapsed since the defendant had moved for a continuance. Secondly, Negron relied on State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971), which is factually more aligned with the present case. The Butler court held that the 90 day period in F.R.Cr.P. 3.-191(d)(3) becomes operative when a motion for discharge is denied. The defendant then must be brought to trial within 90 days of the filing of that motion for discharge. We adopt this interpretation as the proper one.
 It still must be determined if Relator was denied a speedy trial. When a defendant moves for and is granted a continuance the speedy trial time periods are no longer applicable, Butler, supra. Nevertheless, the defendant is still entitled to a speedy trial based on a review of the particular fact situation. We hold that Relator has not been denied a speedy trial in light of the time sequences mentioned.
In conclusion, we hold defendant’s motion for discharge was properly denied and the state has 90 days from the date the motion for discharge was filed to bring the defendant to trial.
All circumstances of the presentation considered, the Suggestion for Writ of Prohibition is
DENIED.
CROSS and DOWNEY, JJ., concur.