354 So.2d 890 (1978)
STATE of Florida, Appellant,
v.
Ronald Lee KURTZ, Appellee.
No. 77-1196.
District Court of Appeal of Florida, Fourth District.
January 10, 1978.
Rehearing Denied February 21, 1978.
*891 Robert L. Shevin, Atty. Gen., Tallahassee, Marsha G. Madorsky and Joy B. Shearer, Asst. Attys. Gen., West Palm Beach, for appellant.
No appearance for appellee.
DAUKSCH, Judge.
We must again venture into the legal morass of the Speedy Trial Rule, Rule 3.191, Fla.R.Crim.P.
The applicable facts are that Appellee was arrested on April 5, 1976, and charged by information on April 9, 1976, with the crime of burglary. Counting from the date of arrest, April 5, 1976, the trial of the accused had to begin on or before the expiration of 180 days, since the charged crime is a felony. Rule 3.191(a)(1), Fla.R. Crim.P. The trial court set September 9, 1976, as the date for the trial. On September 9, 1976, the Appellee moved for a continuance of the trial and the court rescheduled the trial for September 14, 1976. On September 10, 1976, Appellee again moved for a continuance of the trial and specifically waived his theretofore accrued right to speedy trial. Parenthetically, it is noted that the waiver is not necessary since the Order granting the Defendant's Motion has that effect anyway. State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977). On September 14, 1976, the second trial date, the court granted Appellee's Motion of September 10, 1976, and rescheduled the trial for November 29, 1976. On November 27, 1976, the Appellant filed a proper Motion for Continuance of the trial which was granted and the trial was rescheduled for February 14, 1977. Judge Cooper was the first scheduled trial judge and he continued to handle the matter until the Order of November 27, 1976, at which time, or on December 2, 1976, according to a clerk's form, Judge deManio became the scheduled trial judge. On January 3, 1977, Judge deManio recused himself and Judge Pfeiffer was assigned the case on January 4, 1977.
Next there appears in the record Defendant's Motion for Discharge dated March 28, 1977. What became of the February 14, 1977, trial which was ordered in the November 27, 1976, Order and the December 2, 1976, Notice of Trial?[1] Appellant's brief doesn't say and Appellee didn't favor us with a brief. Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957); Southeastern Fidelity Insurance Co. v. Broughton, 293 So.2d 139, 142 footnote 6 (Fla. 1st DCA 1974).
In reading Appellee's Motion for Discharge we assume his argument to us would be that the trial should have been held within 180 days from his last Motion for Continuance especially since his "Waiver of Speedy Trial" says "... hereby waive my right to speedy trial for up to 180 days." It doesn't say 180 days from when but that doesn't matter as will be shown.
When the accused filed his Motion for a continuance and the court granted it the provisions of the Speedy Trial Rule were no longer applicable as far as the 180 days provision is concerned. It's a whole new ball game. Other rights now apply, not the limiting rule of criminal procedure. The Appellee voluntarily took himself out of Rule 3.191 and his vague attempt to unilaterally impose another 180 days restriction effects nothing. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State ex rel. Gadson v. Tyson, 334 So.2d 56 (Fla. 4th DCA 1976). Although again it really doesn't matter, Appellee's attorney's Motion *892 for Continuance specifically waives the Speedy Trial Rule and no attempted restriction is contained therein. State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977).
In accordance with Rule 3.191(d) (2), Fla.R.Crim.P., and the above cited cases we hold that if a criminal defendant or his attorney files a motion for continuance of his trial and the motion is granted then the Speedy Trial Rule no longer applies except to the limited extent of Rule 3.191(d)(3). State ex rel. Gadson v. Tyson, supra. We also hold that the State's proper Motion for Continuance, which was granted, also took this matter out of the strict operation of the Speedy Trial Rule. Rule 3.191(d)(2) and 3.191(f), Fla.R.Crim.P. King v. State, 303 So.2d 389 (Fla. 3d DCA 1974).
Finally for us to consider is whether the Appellee should be discharged because he was not tried before March 29, 1977. Appellee has shown no reason why he was unduly prejudiced by this two or three month delay after the last action of the court so we must say he should go to trial.
The Order of discharge is reversed and this cause is remanded for trial.
REVERSED and REMANDED.
DOWNEY, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.
NOTES
[1] The Order granting continuance and Notice of Trial, the first signed by the judge and the second signed by the clerk, are contained within the same piece of paper.