PER CURIAM.
This matter has been considered on a suggestion for writ of prohibition. Defendant’s motion to discharge under the Speedy Trial Rule, Rule 3.191, Fla.R.Crim.P., was denied. An order to show cause was issued and the positions of the various parties have been considered. It is our conclusion that in accordance with State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978), the defendant herein waived his right to rely upon strict time limitations provided in Rule 3.191.
Defendant herein requested a continuance and the defendant now directs our attention to a transcript of a colloquy between counsel when the matter was considered. Defense counsel asserts that although he stipulated to waive speedy trial time limitations that this stipulation had certain limitations which were exceeded.
We are not at all certain that the assert-' ed stipulation was in fact of such dignity nor that it was specific enough. As stated in State v. Kurtz, supra, when the defendant’s motion for continuance was granted the provisions of the speedy trial rule were no longer applicable as far as the 180-day *103 provision is concerned. This case like many others boils down to a hindsight argument about what two attorneys meant when they stood before a trial judge discussing the rescheduling of a trial. Defendant now •seeks to say that this discussion constitutes an exact and very limited stipulation. We held in Kurtz that the granting of the continuance effects a waiver of the strict dictates of the speedy trial rule and we believe this case to be governed by the Kurtz ruling.
The suggestion for writ of prohibition is hereby denied.
LETTS, MOORE and BERANEK, JJ., concur.