OTT, Judge.
Appellant appeals his conviction for burglary of a dwelling and arson, and contends that it was error for the trial court to deny his motion for discharge pursuant to Florida Rules of Criminal Procedure 3.191. We agree that appellant should have been discharged and reverse.
A private residence was burglarized and set fire to on September 24, 1977. Appellant was arrested for the burglary on February 24, and for the arson on March 9, 1978.
At the hearing on appellant’s motion for discharge the court considered an affidavit filed by the state on November 10, 1977 which alleged that appellant, a juvenile, had committed both crimes. The trial court concluded that the speedy trial period for both charges commenced on February 24, 1978.[1]
Pursuant to Section 925.07(1), Florida Statutes (1977),[2] the state attorney’s office undertook on April 28, the 63rd day following arrest, to locate and notify appellant’s parents of the charges, which was finally accomplished seven days later on May 5. Thereafter, appellant was waived to the adult division, and the two cases were consolidated and set for trial on July 25.
On the date of trial defense counsel orally requested a continuance so that a psychological report could be prepared and to permit an investigation into the possibility of appellant enlisting in the Armed Forces when he turned 17 (in November, 1978). Defense counsel expressly stated that he did not want to give a “blanket waiver” of *1246 the speedy trial time but simply to toll the running of the period until such time as the case could be rescheduled for disposition. The state stated that it had no objection to defense counsel’s request and suggested a disposition date in September. The court set August 29 for disposition, whereupon defense counsel stated:
We would waive speedy trial in the interim between July 25, and August 29 and reserve to ourselves upon the arrival of August 29 the right to reinitiate the running of the 180 days.
Once again the state explicitly expressed agreement.
On August 29, a brief hearing was held in order to set a trial date. Defense counsel reminded the court that speedy trial had been waived for the interim and was to immediately begin running again. No objection was raised by the state and trial was set for October 3. On September 29, however, defense counsel moved for discharge, arguing that the seven-day period which the state needed to locate and notify appellant’s parents should not have extended the speedy trial period and that, therefore, September 29 was the 182nd day. The trial court disagreed and denied the motion.
On October 3, the 179th day according to the trial court’s calculations, appellant pled nolo contendere, reserving the right to appeal the trial judge’s denial of his motion. The only issue raised by the parties on appeal is whether or not the time needed by the state to comply with Section 925.07(1) extends the speedy trial period.[3]
We hold that it does not. An extension under Rule 3.191(d)(2), “is such a mechanism whereby time may be extended to accommodate the need of either side for additional time. Use of discovery procedures to prepare for trial is one type of reasonable delay envisioned.” Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla.1974). The only grounds upon which an extension could have been granted in the instant case were upon stipulation or under exceptional circumstances. No stipulation was entered into, either in writing or orally in open court.[4] Therefore, only exceptional circumstances could have justified a seven day extension. Exceptional circumstances include those enumerated in Rule 3.191(f). A circumstance causing delay is not exceptional if it was “avoidable” or “foreseeable”. We are of the opinion that the statutory notice requirement did not deláy the state in any way. Notice to a juvenile’s parents is a routine and foreseeable requirement which, in most instances,[5] will not justify extending the applicable speedy trial period by the number of days which it took to fulfill that requirement.
We are not troubled by the 35-day continuance being treated by the court below and in the briefs of the parties on appeal as an extension rather than waiver of the speedy trial period. As noted previously, an oral stipulation in open court is in compliance with subsection (d)(2)(i) of the rule. The transcript of the July 25 hearing *1247 is clear that the prosecutor agreed to and the court accepted defense counsel’s request that the speedy trial period be extended rather than waived. We approved of an extension under similar circumstances in Johns v. State, 340 So.2d 528 (Fla.2d DCA 1976). See also, Kniffin v. Hall, 262 So.2d 900 (Fla.2d DCA 1972). A different result is not compelled by State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971), as defense counsel in that case moved for a continuance in order to have additional time to prepare a defense.
Therefore, since the motion for discharge was filed on the 182nd day following arrest, it should have been granted. We reverse the trial court’s denial of the motion and remand with instructions that appellant be discharged.
GRIMES, C. J., and SCHEB, J., concur.

. The question of when speedy trial should have commenced has not been addressed by the parties. We defer to the trial judge’s conclusion, based on the affidavit, that the state had completed its investigation and possessed sufficient information well before appellant’s arrest for burglary to know that both crimes were part of the same transaction and to suspect appellant had committed both. Cf., Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979); State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978).

. (1) When an unmarried minor is charged with an offense before any court in this state, notice of the charge shall be given before trial to the parent or guardian of the minor if the name and address is known. If the name and address is not known, notice shall be given to any friend or relative designated by the minor.
(2) Notice required by this section may be made in the same manner as the service of summons. If the person to be notified is beyond the' jurisdiction of the court, notice may be given by registered mail or telegram, and return of the service shall be made in the same manner as the return on a summons.

. The briefs on appeal have been unenlightening. Appellant’s initial brief unexplainably assumed that the 35 days during which the case was continued did not waive or extend the speedy trial period. Thus, he did not address the question of whether the seven-day period would extend speedy trial, for even if it did, more than 180 days elapsed between February 24 and September 29.
The state responded by arguing, with no supporting case law, that the seven-day period should extend speedy trial since the state was prohibited by the court from going forward with arraignment until Section 925.07 had been complied with. As for the 35-day continuance, the state did not contend that it constituted a waiver of the speedy trial provisions.
Appellant thereupon filed a reply brief in which he recognized that the 35 days should extend the speedy trial period, but he maintained that the seven days should not.

. We have held that an oral stipulation, recorded in open court is acceptable under Rule 3.191(d)(2)(i). Eastwood v. Hall, 258 So.2d 269 (Fla.2d DCA 1972); Smith v. State, 345 So.2d 1117 (Fla.2d DCA 1977).

. However, conceivably there might be circumstances — perhaps where the juvenile frustrates the state in fulfilling the notice requirement by giving a false address — where a delay would result which would justify extending the speedy trial time. Such circumstances are not present here.