380 So.2d 543 (1980)
STATE of Florida, Appellant,
v.
Harmon Eugene REGISTER, Appellee.
No. 78-2154/T4-233.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*544 Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
Garrick N. Fox of Rothblatt & Barnett, Orlando, for appellee.
COBB, Judge.
This is an appeal by the state of the granting of a discharge of the defendant by the trial court on the basis of the speedy trial rule.[1] The defendant, Harmon Register, was arrested on February 2, 1978, and subsequently charged by information on May 11, 1978, with obstructing a police officer in the execution of a legal duty and with battery upon said officer. The case originally was set for trial on July 13, 1978, but then advanced to a trial date of June 13, 1978. On June 8, 1978, there was an ore tenus motion by the defense for a continuance. A written order was entered by the trial court at that time stating simply that the motion for continuance was granted. The order made no findings of fact and recited no stipulations of counsel. The hearing was not reported. The case was then reset for trial on August 10, 1978.
Because of confusion surrounding the court ruling on a defense motion pursuant to Rule 3.190(c)(4), Rules of Criminal Procedure, the trial was not held at the scheduled time. It was rescheduled for October 4, 1978. On October 2, 1978, the defendant filed a motion for discharge, and this motion was heard on October 4, 1978  some 240 days after the arrest.
At that hearing, defense counsel represented to the trial court his recollection that the ore tenus motion for continuance on June 8 had been accompanied by "an agreement" that the speedy trial rule would not be waived by the continuance, but merely tolled for thirty days, thereby extending the time until the first of September, 1978. Defense counsel's recollection was that the court orally approved this thirty-day extension agreement; he supported this recollection with an office memo which he said had been dictated at the time. He also emphasized that there had been no written waiver of the speedy trial rule. In support of his argument that a written waiver of speedy trial shown by the record was necessary, defense counsel relied upon the case of Smith v. State, 345 So.2d 1117 (Fla.2d DCA 1977).
The prosecutor's recollection was different. He denied that there had been an agreement between counsel for an extension, and contended that the record showed *545 only a motion for continuance by the defense, which constituted a waiver of the speedy trial rule. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
The trial judge, having heard the conflicting recollections of respective counsel, then stated:
Well, we've got a knotty little problem here. I certainly don't have any recollection at this point.... I generally try to be careful about putting in there that the defendant waives speedy trial. But I sure made a lot of mistakes, too, I'm sure. And apparently I did in this case. I don't see how we can do anything but go upon what the written record is in this case... . We've all got a different recollection of what happened. How can I say anything but that the Court has blown it.
.....
What strikes me is that the written paperwork shows that I've set this case at more than a hundred and eighty days.
.....
I feel I'm the one that made the mistake. I'm going to grant the motion to dismiss.
It is obvious from the statements by the trial judge that he felt it was improper to set a case for trial later than one hundred and eighty days from arrest without a written waiver by the defendant of record, or an express finding by the court of such a waiver. This misconception led to the erroneous discharge.
The applicable provision of the speedy trial rule is found at subsection (d)(2) thereof:
(d)(2) When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.
It is clear there was no stipulation for a thirty-day extension of time signed by counsel for the state in this case. Nor was the court order of continuance based on a motion by either party for any of the exceptional circumstances set forth in subsection (f) of the Rule  at least, insofar as we can discern from the appellate record. The other circumstances which may serve as the basis for an extension of time under subsection (d)(2) are not shown to have been the basis for the trial court's order of continuance granted to the defendant on June 8, 1978.
The general rule is that a motion for continuance by the defense waives the speedy trial rule, and brings into operation the constitutional, as opposed to procedural, guideline. State ex rel. Butler v. Cullen, supra. The rule is succinctly stated in State v. Kurtz, 354 So.2d 890, 891 (Fla.4th DCA 1978), cert. denied, 360 So.2d 1249 (Fla. 1978):
When the accused filed his motion for a continuance and the court granted it the provisions of the Speedy Trial Rule were no longer applicable as far as the 180 days provision is concerned. It's a whole new ball game. Other rights now apply, not the limiting rule of criminal procedure. The Appellee voluntarily took himself out of Rule 3.191 and his vague attempt to unilaterally impose another ... restriction effects nothing.
*546 The defendant's reliance on Smith v. State, supra, is misplaced. In that case, Smith's trial date was set ten days beyond the one hundred and eighty day limit without his express agreement of record  but there had been no continuance granted to anyone. Indeed, since Smith stands for the necessity of an express agreement reflected by the record per subsection (d)(2) of Rule 3.191 in order to sustain an extension of the one hundred and eighty days against the adverse party, it directly supports the state's argument in the instant case.
The case most directly in point factually is State ex rel. Elliot v. Reasbeck, 369 So.2d 102 (Fla.4th DCA 1979). The defendant there moved for a continuance but later asserted that his speedy trial waiver contained certain limitations. The appellate court observed:
This case like many others boils down to a hindsight argument about what two attorneys meant when they stood before a trial judge discussing the rescheduling of a trial. Defendant now seeks to say that this discussion constitutes an exact and very limited stipulation. We held in Kurtz that the granting of a continuance effects a waiver of the strict dictates of the speedy trial rule and we believe this case to be governed by the Kurtz ruling.
There is no showing in the record before us that the setting of this case for trial on October 4, 1978, infringed the defendant's constitutional right to a speedy trial. Accordingly, the order of discharge entered by the trial court on October 4, 1978, is reversed and this cause is remanded for trial of the defendant.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Rule 3.191, Rules of Criminal Procedure.