BOARDMAN, Acting Chief Judge.
The state appeals the trial court’s order discharging appellee Jansson for failure to bring him to trial within the 180-day period prescribed by Rule 3.191(a)(1), Florida Rules of Criminal Procedure. We reverse.
Appellee was arrested on April 22, 1978, on a warrant for burglary. He was released on bond and arraignment was set for May 30, 1978. Appellee failed to appear for arraignment on May 30, 1978, and his bond was estreated. Arraignment was subsequently reset for July 10, 1978, at defense counsel’s request. Neither appellee nor his counsel appeared on July 10, but a written plea of not guilty was filed that morning.
On September 8, 1978, the state and defense entered into a stipulation for continuance, waiving speedy trial for the period of the continuance, and trial was reset for October 10, 1978. On October 9, 1978, a second stipulation for continuance was entered into, again waiving speedy trial for the period of the continuance. The trial court continued the case but no trial date was set. On November 13, 1978, a third stipulation for continuance was entered into, again waiving speedy trial for the period of the continuance. The case was again continued, and trial was subsequently set for December 13, 1978.
On December 12, 1978, the state moved for a continuance due to the illness of a state witness. The motion was denied, but the case was later reset for February 19, 1979.
On February 19, 1979, appellee filed a motion for discharge pursuant to Rule 3.191(d)(1) on the grounds that more than 90 days had elapsed since the last defense continuance on November 11, 1978, and more than 180 days had elapsed since appel-lee’s arrest. At the hearing on the motion, held that same day, it was brought out that appellee had been arrested in Broward County on unrelated charges and was currently being held in jail there. The motion was denied.
On March 13, 1979, appellee filed a “renewed” motion for discharge and on March 28, 1979, a “second renewed” motion for discharge. These motions were heard together on the new date set for trial, March 28, 1979. At that hearing the court calcu *701 lated the time for speedy trial purposes to be 205 days. It reached that figure by charging against the state the period from the date of appellee’s arrest 'to May 30, 1978, when appellee failed to appear for arraignment: 40 days (actually 38 days); the period from July 10, 1978, when appel-lee’s written plea was entered, to the entry of the first stipulation: 60 days; and the period from December 12, 1978, to the date of the hearing: 105 days. The trial court therefore discharged appellee. This appeal followed timely.
The state contends that appellee’s first motion for discharge, heard on February 19, 1979, was properly denied. We agree. At that point, although 303 days had elapsed since the date of appellee’s arrest, only 166 days that were properly chargeable to the state under the speedy trial rule had elapsed — 38 days from the date of appel-lee’s arrest, April 22, 1978, to May 30, 1978, when appellee failed to appear for arraignment; plus 60 days from July 10, 1978, when appellee’s plea of not guilty was entered, to September 8, 1978, the date of the first stipulation; plus 68 days from December 12, 1978, the date for which trial was set following the last stipulation for continuance, to February 19,1979, the date of the hearing on the motion for discharge.
The state goes on to argue that at that point, Rule 3.191(d)(3) came into play. Rule 3.191(d)(3) provides:
If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.
Again, we agree with the state. The February 19, 1979 motion for discharge was denied because of continuances and delays attributable to appellee.
Thus, pursuant to Rule 3.191(d)(3), the state had 90 days from February 19, 1979, to bring appellee to trial, a period which had not expired on March 28, 1979, the date his “renewed” motion for discharge was granted. State ex rel. Gadson v. Tyson, 334 So.2d 56 (Fla. 4th DCA 1976).
Accordingly, the trial court’s order discharging appellee is REVERSED.
OTT and RYDER, JJ., concur.