LEE, Justice, for the Court:
John Sharpe Lampkin was convicted in the Circuit Court of Oktibbeha County for the crime of receiving stolen property and was sentenced to five (5) years in the Mississippi State Penitentiary. He appeals and assigns three (3) errors in the trial below.
I.
Did the trial court err in dismissing one of the appellant’s two attorneys, prior to trial, out of his presence?
Appellant was represented by the law firm of Turner and Walker after his indictment at the July 1977 Term of the Circuit Court of Oktibbeha County. Prior to the trial term, defense counsel Bennie Turner was appointed County Prosecuting Attorney of Clay County. On the morning of the trial, the district attorney told Attorney Turner that he would seek Turner’s removal from the case for that reason.
The district attorney’s motion was heard in chambers absent the presence of the appellant. The trial judge overruled such motion. Subsequently, Attorney Turner requested permission to withdraw from the case, since he was uncertain as to the interpretation of the law prohibiting county attorneys from defending people accused of crime within the circuit court district covering the county attorney’s residence. The trial judge allowed Attorney Turner to withdraw for that reason.
Appellant’s remaining counsel then filed a motion to continue the case because of Turner’s withdrawal, asserting that Turner was the chief counsel in the case. That motion was overruled,
Appellant contends that under Myers v. State, 354 So.2d 891 (Miss.1971), hearing of the motion to permit withdrawal of Turner was crucial in the trial and that the absence of appellant constituted reversible error. However, in Myers v. State, the question was different from that in the present case. There, the court-appointed attorneys for Myers moved the court to permit their withdrawal from the case, and made “serious accusations” against the defendant. This Court held that, under the circumstances of Myers, the defendant was entitled to be present and to respond to accusations against him.
In the case sub judice, the motion of the district attorney was overruled, but Turner was permitted to withdraw upon his own request. We are of the opinion that appellant had no constitutional right to be present on Turner’s request to withdraw as counsel, under the facts of this case, and that no error was committed by the lower court. See Boyington v. State, 389 So.2d 485 (Miss.1980). Likewise, the record indicates that appellant’s present counsel was famil *115 iar with all the facts of the case, that he adequately represented the appellant in the trial below, and that no prejudice resulted to appellant from Attorney Turner’s withdrawal from the case. Therefore, the first assignment lacks merit.
II.
Did the lower court err in declining to quash the search warrant and suppress the evidence obtained thereunder?
On the night of September 8, 1976, Officer Virgil Luke, who had investigated the present case for a considerable period of time, telephoned Justice Court Judge Mills and requested that Mills meet him and other officers at the Ramada Inn in Starkville, Mississippi, the purpose of the meeting being to obtain a warrant for the search of appellant’s premises. The justice court judge went to the motel where a number of officers were congregated. Officer Luke told him the purpose of the meeting and produced a warrant for the search. The affidavit for the search warrant was executed and underlying facts for the search were attached to, and made a part of, the affidavit. Judge Mills issued the search warrant after talking with the officers approximately forty-five (45) minutes. The warrant was executed and forty (40) automobile motors and transmissions were found on the premises, along with various and sundry other parts of vehicles.
Prior to trial, appellant moved the court to suppress the search warrant and the evidence obtained pursuant to the search on the ground that there was not probable cause for the issuance of the warrant. On the suppression hearing, testimony by the officers and Judge Mills was without dispute that the officers giving information, in addition to the affidavit and underlying facts, were sworn either before giving the information, or after, and that they swore the facts given by them were true and correct. Officer Luke testified that the officers were sworn before they began to talk with Judge Mills, while Judge Mills testified his recollection was that they gave him the facts and that he then administered the oath and the officers swore the information they had given him was true and correct.
In either event, the record indicates that the officers swore the information they were about to give, or had given, to the judge before he issued the search warrant was true and correct. Therefore, the holding of the lower court that there was probable cause to issue the search warrant was supported by the evidence and his action in overruling the motion to suppress was proper. Prueitt v. State, 261 So.2d 119 (Miss. 1972).
III.
Did the lower court err in refusing appellant’s request for a peremptory instruction, and was the verdict of the jury against the overwhelming weight of the evidence?
After receiving the search warrant, Officer Virgil Luke, Sheriff Dolph Bryan, and approximately eleven (11) other officers went to appellant’s premises for the purpose of searching same. The premises had been under surveillance for a long period of time. Asked to produce a key to a building situated approximately fifty (50) feet from his residence and to other buildings nearby on the premises, appellant stated that he did not have a key to the buildings, and that he had no knowledge of what was contained in them. The officers entered the closest building and discovered forty automobile engines and transmissions therein and further found that the serial numbers had been obliterated from the engines. Appellant made the statement that, “It ain’t no sense to carry them away from here; they hadn’t got no numbers on them.” He also said, “Y’all just go on and leave and there won’t be no trouble.”[1]
The serial number on at least one of the engines was raised and the evidence established that it was the engine from a vehicle owned by Mary Bielawski, Chicago, Illinois, which was stolen from a restaurant parking *116 lot in Calumet City, Illinois, in April, 1976. In view of the fact that the buildings containing the forty automobile motors and transmissions, and other automobile parts, were located on the premises of appellant and within a very short distance from his residence, and the statements by him mentioned above, there was a question for the jury to determine whether appellant knowingly and feloniously was in possession of stolen property.
There being no reversible errors in the trial below the judgment of the lower court is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
PATTERSON, C. J., took no part.

. There was trouble. Appellant’s youngest son came upon the scene with a shotgun, a shootout ensued, and he was fatally injured.