395 So.2d 561 (1981)
STATE of Florida, Appellant,
v.
Wilson James MOSS, a/k/a James Wilson Moss, Appellee.
No. 79-872/T4-506.
District Court of Appeal of Florida, Fifth District.
February 18, 1981.
Rehearing Denied March 26, 1981.
*562 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Ramsey W. Dulin and Judith A. Ginn, Orlando, for appellee.
COWART, Judge.
After the defendant in a criminal prosecution had twice moved for continuances, which were granted, the trial court granted his discharge on the ground that he had been denied a speedy trial.
The defense continuances only impliedly waived the defendant's right under the speedy trial rule but not his constitutional speedy trial rights, Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980), State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
Defendant's contention, apparently accepted by the trial court, is that while his continuances and waivers waived his speedy trial rights under Florida Rule of Criminal Procedure 3.191, his constitutional right to be tried within a reasonable time[1] was violated by delay in bringing him to trial. However, in this case, in addition to his two successful motions for continuances, one of which contained an express waiver of "his right to a speedy trial," the defendant filed a separate written waiver of speedy trial in which he expressly waived
his right to a speedy trial as provided by the State and Federal Constitutions, the Laws of Florida, Rule 3.191, Florida Rules of Criminal Procedure, and other applicable provisions.
We hold this clear waiver was sufficient to waive for an indefinite period of time[2] the defendant's speedy trial rights under article I, section 16, of the Constitution of the State of Florida, under the sixth amendment of the United States Constitution, under section 918.015, Florida Statutes (1972), and under Florida Rule of Criminal Procedure 3.191.
When an accused expressly waives his speedy trial rule rights for an indefinite period of time he can re-acquire certain speedy trial rule rights in the same manner as when he has, by seeking and obtaining a continuance, impliedly waived his rule rights; i.e., by filing a demand for a speedy trial, which commences the running of a 60 day period under Florida Rule of Criminal Procedure 3.191(a)(2) or by filing a nonmeritorious motion for a discharge the denial of which will commence the running of a 90 day period under Florida Rule of Criminal Procedure 3.191(d)(3). See Butterworth *563 and Cullen. Similarly, when constitutional speedy trial rights are waived for an indefinite period of time those rights can be reinstated by a demand for a speedy trial, a withdrawal of the waiver, or some other clear assertion of constitutional speedy trial rights. In such event, the accused will again be entitled to trial within a reasonable time measured from such assertion. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The order of discharge is reversed, appellee's motion for discharge is denied,[3] and the cause is remanded for further proceedings.
ORFINGER and COBB, JJ., concur.
NOTES
[1] See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
[2] As distinguished from an extension for a fixed or determinable time period by order of the court upon stipulation under Florida Rule of Criminal Procedure 3.191(d)(2).
[3] This opinion, when final, will constitute a denial of appellee's motion for discharge and, under Butterworth and Cullen, will commence the running of a new ninety day period within which appellee must be brought to trial under Florida Rule of Criminal Procedure 3.191(d)(3).