SHARP, Judge.
The State brings a consolidated appeal from orders discharging defendants Con-yers and Freeman because of failure of the State to bring them to trial within one *453 hundred eighty (180) days of their arrests.[1] We reverse.
Conyers and Freeman were both arrested in 1980. On March 11, 1981, both filed motions seeking extensions of their trial dates because their attorneys were unable to depose all of the material witnesses in preparation for trial. The motions sought to .“preserve” the defendants’ “right to a speedy trial.” On March 11, 1981, the court entered orders granting a continuance and resetting the trial for Conyers on June 10, 1981 and for Freeman on June 9, 1981. On March 23, 1981, the trial judge entered an additional order “extending” the speedy trial time, in Freeman’s case (but not Con-yers’) until June 9, 1981. Freeman’s trial date was continued again by the State and reset by the court for June 30, 1981. Con-yers filed a motion for discharge on June 30, 1981, and Freeman filed his on June 25, 1981.
We think the speedy trial time, in both cases, had not run at the time the defendants filed their respective motions for discharge because both filed motions which sought a postponement of the original trial dates, which were timely under the Rule. The case law is well-established that a defendant who seeks a postponement under the pre-1981 Amendment[2] to Rule 3.191, “waives” the initial one hundred eighty (180) day time limit,[3] and thereafter, it is necessary for a defendant to file a demand for trial or motion to discharge in order to commence the running of the other time periods under the Rule. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Moss, 395 So.2d 561 (Fla. 5th DCA 1981). We do not deem material in Freeman’s case, whether or not the second order called the judge’s action an “extension” rather than a “continuance,” because the subsequent order did not vacate the first, and substantive rights should not turn on semantics. State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979). Neither Conyers nor Freeman asserted or attempted to establish violation of their constitutional right to speedy trial.[4]
For the reasons stated herein, this case is
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Fla.R.Crim.P. 3.191.

. Fla.R.Crim.P. 3.191 (1981) does not apply to Conyers and Freeman because they were arrested in 1980. See Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982).

. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Moss, 395 So.2d 561 (Fla. 5th DCA 1981); State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980); State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978).

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).