GRIMES, Judge.
The state appeals an order discharging appellee for a constitutional speedy trial violation.
On December 3, 1979, the state filed an information charging appellee with possession in excess of 2,000 pounds of cannabis. The trial was originally set for April 1, 1980, but his attorney obtained a ninety day continuance. On April 29, 1980, the case was called but passed because neither ap-pellee nor his lawyer was present. The case was passed again on June 3, 1980, because the state chemist was in the hospital. The case was reset for trial on July 8,1980. On the day before the trial was scheduled to begin, appellee moved for continuance because of a conflict in his lawyer’s trial schedule. He specifically waived his right to a speedy trial. The court once again postponed the trial.
On September 16, 1980, the trial was again continued by stipulation of defense counsel and the assistant state attorney. On October 17, 1980, the parties stipulated to further continue the trial which by then had been set for October 21,1980. By order dated November 6,1980, the court accepted the stipulation, continued the trial to a future date to be determined by the court and directed that the speedy trial time be tolled for the period of the continuance. On November 2, 1981, the case was reset for trial on December 1, 1981. The appellee moved for discharge for denial of his constitutional right to speedy trial on November 17, 1981. The court held a hearing on December 1, 1981, at which no testimony was taken, and thereafter ordered appellee’s discharge.
The court erred in entering the order of discharge for two reasons. In the first place, the court predicated its ruling solely upon the fact that appellee was not brought to trial for the approximate one year period between November 6,1980, and November 17,1981. Yet, the determination of whether a person has been deprived of his constitutional right to a speedy trial depends in large part upon the consideration of four elements: (1) length of delay, (2) reason for delay, (3) whether the defendant asserted his right to be tried speedily, and (4) prejudice to the defendant caused by the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). With respect to these elements, the record in this case reflects only the length of the delay and the fact that appellee never asserted his right to a speedy trial. In Barker itself the Supreme Court noted that the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. In any event, the length of delay, standing alone, will not support the conclusion that constitutional speedy trial rights have been violated. Barker v. Wingo; State v. Bonamy, 409 So.2d 518 (Fla. 5th DCA 1982); but cf. State v. Forsten, 401 So.2d 1160 (Fla. 3d DCA 1981), in which the discharge may have been upheld solely because of the passage of time, though the opinion does not foreclose the possibility that other factors existed.
The second reason for reversal is grounded upon the rationale of State v. Moss, 395 So.2d 561 (Fla. 5th DCA 1981). In Moss the defendant moved for a continuance and expressly waived “his right to a speedy trial as provided by State and Federal Constitutions, the Laws of Florida, Rule 3.191, Florida Rules of Criminal Procedure and other applicable provisions.” Later he successfully obtained an order of discharge for violation of his constitutional right to speedy trial. The court reversed on the premise that the speedy trial waiver continued for an indefinite period of time. The court then noted:
When an accused expressly waives his speedy trial rule rights for an indefinite period of time he can reacquire certain speedy trial rule rights in the same manner as when he has, by seeking and obtaining a continuance, impliedly waived his rule rights; i.e., by filing a demand for a speedy trial, which commences the running of a 60 day period under Florida Rule of Criminal Procedure 3.191(a)(2) or by filing a nonmeritorious motion for a discharge the denial of which will commence the running of a 90 day period *1061 under Florida Rule of Criminal Procedure 3.191(d)(3). See Butterworth and Cullen. Similarly, when constitutional speedy trial rights are waived for an indefinite period of time those rights can be reinstated by a demand for a speedy trial, a withdrawal of the waiver, or some other clear assertion of constitutional speedy trial rights. In such event, the accused will again be entitled to trial within a reasonable time measured from such assertion. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
395 So.2d at 562-63.
In essence, the posture of the instant case is the same as it was in Moss. In his motion for continuance appellee expressly stated that he “waives his right to a speedy trial.” The waiver was not limited to the right to speedy trial under the Florida Rules of Criminal Procedure. The court confirmed the tolling of the speedy trial time in its order entered upon the subsequent stipulation for continuance. Appellee made no demand for speedy trial or otherwise asserted a constitutional right to a speedy trial until such time as he filed the motion which led to his discharge. While the filing of this motion was sufficient to constitute a request for speedy trial, it did not entitle appellee to be discharged.
We reverse the order of discharge and remand the cause for further proceedings. As in Moss, this opinion when final will constitute a denial of appellee’s motion for discharge and will commence the running of a new ninety day period within which appellee must be brought to trial under Florida Rule of Criminal Procedure 3.191(d)(3).
OTT, C.J., and SCHOONOVER, J., concur.