429 So.2d 739 (1983)
STATE of Florida, Appellant,
v.
Bryan McCRERY and Subhiya Guertin, Appellees.
No. AN-286.
District Court of Appeal of Florida, First District.
March 29, 1983.
Rehearing Denied April 29, 1983.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., for appellant.
Larry G. Turner and Thomas W. Kurrus, Gainesville, for appellee McCrery.
Jack M. Ross, Jr., Gainesville, for appellee Guertin.
NIMMONS, Judge.
The State appeals from the trial court's order discharging both appellees under the Speedy Trial Rule, Fla.R.Cr.P. 3.191.[1]
The appellees were arrested on July 7, 1980, and charged jointly with the offenses of possession of a controlled substance and possession of controlled substance paraphernalia. On September 26, 1980, counsel for defendant McCrery filed a motion for continuance of the trial which was scheduled for October 13, 1980. The bulk of the motion consisted of a narration of the various reasons why counsel would not be ready for trial on October 13, including his vacation plans and inability to complete discovery. Paragraph 9 of his motion then stated:
The defendant, by and through his undersigned counsel, waives speedy trial through the month of November 1980, pursuant to Rule 3.191, R.Cr.P.
The last paragraph of counsel's motion stated that the prosecuting attorney had indicated to counsel that the prosecutor had no objection to the granting of the motion. On September 29, 1980, counsel for co-defendant Guertin filed a "Motion To Adopt" McCrery's motion for continuance in which Guertin's attorney stated additional reasons why he would not be prepared for trial on October 13. Nothing was stated in Guertin's Motion To Adopt concerning speedy trial. On September 29 the trial court entered an order continuing the trial. The order stated in pertinent part:
[T]he State has no objection to such continuance and... the defendant has *740 waived his rights to a speedy trial until the November, 1980 trial term.
The trial was again continued in November, 1980, pursuant to a stipulation by counsel with a waiver of speedy trial through January 31, 1981. In early January, the defendants filed motions for continuance purporting to waive speedy trial through February, 1981. On January 12, 1981, the court entered an order granting the motions for continuance and granted the pending motions to suppress filed on behalf of the defendants, from which order of suppression the state took an interlocutory appeal. Because of our view as to the legal consequences of the defendants' first motion for continuance in September, 1980, it is unnecessary to go into detail concerning the post-September, 1980, proceedings in the trial court and subsequently in this Court on the State's interlocutory appeal. After reversal by this Court of the trial judge's suppression order in State v. McCrery, 402 So.2d 49 (Fla. 1st DCA 1981), and the denial of certiorari in the Florida Supreme Court, 412 So.2d 467 (Fla. 1982), the defendants filed their motion for discharge.
The trial court granted the defendants' motion for discharge for the reason that the State had failed to request an extension of speedy trial pursuant to Rule 3.191(d)(2) when the State took its interlocutory appeal. The trial court's order assumed that the 180-day provisions of the Speedy Trial Rule were still in effect after the first continuance in September, 1980. Contrary to that assumption, we hold that the provisions for speedy trial under Rule 3.191(a)(1) were no longer in effect after the court continued the trial pursuant to the defendants' motion therefor. In State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971), the court held that when a defendant moves for and is granted a continuance, the 180-day limitation set forth in Rule 3.191(a)(1) is no longer applicable. See also Butterworth v. Fluellen, 389 So.2d 968, 970 (Fla. 1980). It has even been held that a continuance of only one day upon the defendant's motion constitutes a surrender by the defendant of his right to rely upon the 180-day provisions of the Rule. State v. Brown, 412 So.2d 448 (Fla. 5th DCA 1982).
The defendants seek to avoid the application of the automatic waiver principle enunciated in Cullen by pointing to the statement contained in paragraph 9 of McCrery's motion for continuance which gratuitously states that the defendant "waives speedy trial through the month of November 1980, pursuant to Rule 3.191, R.Cr.P." Although the State apparently did not object to the September, 1980, continuance, there is nothing in the record of this case to support the suggestion that the State stipulated that the defendants would continue to be entitled to the benefits of the Speedy Trial Rule.[2] Further, the order of continuance, while alluding to the defendants' purported "limited" waiver of their right to speedy trial, neither extended nor tolled the running of the period for speedy trial as contemplated by subsection (d)(2) of the Rule. The order simply continued the trial as the defendants requested.
In State v. Freeman, 412 So.2d 452 (Fla. 5th DCA 1982), Freeman and his co-defendant both filed motions seeking "extensions of their trial dates" because defense counsel stated that they were unable to complete their pre-trial discovery. Their motions sought to "preserve" their "right to a speedy trial." The trial court entered orders granting continuance and reset trial dates for the two defendants. Subsequent events, insignificant for our purposes, occurred such that the defendants' case did not go to trial on the continued dates, and the defendants filed motions claiming entitlement to discharge under the Speedy Trial Rule. The trial court granted the motions for discharge. The Fifth District Court of Appeal reversed because both defendants "filed motions which sought a *741 postponement of the original trial dates." Stated the court:
The case law is well-established that a defendant who seeks a postponement under the pre-1981 Amendment to Rule 3.191, "waives" the initial one hundred eighty (180) day time limit, and thereafter, it is necessary for a defendant to file a demand for trial or motion to discharge in order to commence the running of the other time periods under the Rule. [412 So.2d at 453]
In State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980), a dispute arose as to the right of a defendant to discharge under the Speedy Trial Rule. Counsel for the defendant represented to the trial court his recollection that the ore tenus motion for continuance had been accompanied by "an agreement" that the Speedy Trial Rule would not be waived by the continuance but merely tolled for 30 days. Relying upon Cullen, supra, the prosecutor denied that there had been an agreement for an extension of speedy trial and argued that the continuance of the case, pursuant to the defendant's motion, took the defendant out of the Speedy Trial Rule. The Fifth District, in reversing the trial court's order of discharge, cited to the pre-1981 provisions of Rule 3.191(d)(2),[3] which, as previously noted, are also applicable to the case sub judice. The court pointed out that, as in our case, there was no stipulation for an extension of time, there was no order of continuance "based on a motion by either party for any of the exceptional circumstances set forth in subsection (f) of the Rule" and none of the other circumstances which may serve as the basis for an extension under (d)(2) were demonstrated.
In State ex rel. Elliott v. Reasbeck, 369 So.2d 102 (Fla. 4th DCA 1979), the defendant claimed entitlement to discharge under the Speedy Trial Rule because of an oral stipulation between counsel limiting his waiver of speedy trial as the attorneys stood before the trial judge discussing the rescheduling of the trial. The Fourth District found that no such agreement had been shown and held that the granting of the defendant's motion for continuance removed the case from the Speedy Trial Rule.
The court in State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978), dealt with a strikingly similar situation. To the defendant's argument that trial should have been held within 180 days from the defendant's last motion for continuance, especially since his "waiver of speedy trial" said "... hereby waive my right to speedy trial for up to 180 days," the Fourth District said:
When the accused filed his Motion for a continuance and the court granted it the provisions of the Speedy Trial Rule were no longer applicable as far as the 180 days provision is concerned... . Other rights now apply, not the limiting rule of criminal procedure. The Appellee voluntarily took himself out of Rule 3.191 and his vague attempt to unilaterally impose another 180 days restriction effects nothing. (emphasis added) [354 So.2d at 891]
The defendants' reliance upon McKenzie v. State, 378 So.2d 1244 (Fla. 2nd DCA 1980), is misplaced. There, defense counsel orally moved for a continuance. At that time, unlike the case sub judice, defense counsel and the prosecuting attorney orally agreed to the tolling of the time for speedy trial for a certain period. In connection with a subsequent motion for discharge, the *742 State took the position that the continuance at the instance of the defendant took the case out of the 180-day speedy trial rule. The Second District Court of Appeal understandably rejected the State's position under the circumstances and stated:
The transcript of the July 25 hearing is clear that the prosecutor agreed to and the court accepted defense counsel's request that the speedy trial period be extended rather than waived. [378 So.2d at 1246]
Defendants' reliance upon Johns v. State, 340 So.2d 528 (Fla. 2nd DCA 1976), also misses the mark. There, counsel entered into a stipulation providing for a continuance and a waiver of the defendant's right to speedy trial until such time as eligibility for pre-trial intervention has been determined.
In the absence of a stipulation for a "limited waiver" or extension of the 180-day speedy trial term and in the absence of an order extending the period of time provided for in the Rule, affirmance of the trial court's order of discharge in this case would constitute approval of a method by which defendants can unilaterally effectuate extensions of the 180-day provisions of the Rule. We decline to judicially engraft such an exception onto an already complicated, overburdened rule.
When the defendants persuaded the trial judge in September, 1980, that they could not be prepared for trial in October and won a continuance, they pled themselves out of the protection of Rule 3.191(a)(1), and the time limitations set forth therein were no longer applicable. We hasten to recognize, however, that a motion for a continuance does not relinquish all of a defendant's rights to a speedy trial. As stated in Butterworth v. Fluellen, supra:
Although the granting of the defendant's motion [for continuance] does waive the 180 day provision, the defendant retains his constitutional guarantee to a speedy trial within a reasonable time in accordance with the standards set forth in Cullen.

And if a defendant is really interested in a speedy trial, he still retains the right, notwithstanding his previous waiver of the 180-day provisions of the Rule, to demand a speedy trial within 60 days pursuant to Rule 3.191(a)(2). Butterworth v. Fluellen, supra. Further, it should be noted that this opinion, when final, will be the equivalent of an order denying the defendants' motion for discharge thus triggering the provisions of Rule 3.191(d)(3) and commencing the running of a new ninety-day period within which defendants must be brought to trial. Butterworth v. Fluellen, supra; State v. Moss, 395 So.2d 561 (Fla. 5th DCA 1981); State v. Blankenship, 422 So.2d 1059 (Fla. 2nd DCA 1982).
The defendants not being entitled to discharge under the Speedy Trial Rule and not having asserted a violation of their constitutional right to speedy trial, the order of discharge appealed from is reversed, and this cause is remanded for trial of the defendants.
Reversed and remanded.
MILLS, J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissenting.
I respectfully dissent. If I correctly understand the majority's opinion, in order for a defendant now to be accorded a limited waiver or extension of the 180-day speedy trial term, there must be an explicit consent, either in writing or orally transcribed, together with an order extending such period of time. No other case recited in the majority's opinion has gone so far as to impose this requirement upon a defendant, and I see no reason to require it now on a record that in my judgment reveals that the state voiced no objection to an extension of the time to try defendants for a specific, limited period.
The Florida Supreme Court's opinions in State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971) and Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980) are substantially distinguishable from the case at bar in that in both the defendants attempted to effectuate *743 unilateral extensions of the 180-day provisions of the rule, by seeking continuances which were unlimited in their duration, and which the state had neither consented to nor expressed an absence of objection. Defendant McCrery's motion for continuance of trial, among other things, alleged that additional time was required to complete discovery; that speedy trial was waived through the month of November, 1980, and that the assistant state attorney had indicated he had no objection to the granting of the motion. Defendant Guertin adopted McCrery's motion insofar as it was applicable, and also requested that the case be continued until the November, 1980 trial term. As the majority's opinion notes, Guertin's motion did not include a waiver of speedy trial through the month of November, 1980; nevertheless, in its orders, the court stated generally that good cause had been shown for granting the motions; that they were not made for purposes of unnecessary delay; that the state had no objection to the continuances, and that the defendants had waived their rights to speedy trial until the November, 1980 trial term.
In the absence of a written stipulation, the majority's opinion would approve an oral stipulation extending the time for speedy trial, duly transcribed in the record; yet it would not honor a trial judge's finding, absent a record, that the state has no objection to a continuance of trial for an explicit period of time. In so holding, it accepts the rule stated in McKenzie v. State, 378 So.2d 1244 (Fla. 2d DCA 1979), recognizing that a conditional, limited extension of the 180-day time may exist when the record reflects the parties' agreement to same. In McKenzie, the defense counsel orally moved for a continuance, advising the court that he did not wish to give a blanket waiver of his client's rights to speedy trial, but rather wished to toll the running of the period until such time as the case could be rescheduled for disposition. The state  as here  represented that it had no objection to the request. Defense counsel further advised the court that he would waive speedy trial for that period of time between July 25 and August 29, 1980, but reserved the right to reinitiate the running of the 180-day period thereafter. To this request, "the state explicitly expressed agreement." Id. at 1246.
I do not know why one could not reasonably infer from the lower court's findings that the state had  as in McKenzie  explicitly stipulated to the tolling of the time for speedy trial for a specific period, and that such time would recommence upon the expiration of that period. We have no way of knowing precisely what occurred below, however, because the record is silent as to whether any representations were made before the court at the time it considered the motions for continuance.
The majority's opinion implies that the burden of bringing up a complete record is on the defendants, yet it is the state that is the appellant and it has the responsibility "to ensure that the record is prepared and transmitted in accordance with [the appellate] rules... ." Fla.R.App.P. 9.200(e). It is, moreover, our responsibility as a reviewing court to respect a trial court's findings in the absence of a record clearly demonstrating reversible error. As was observed by the Florida Supreme Court in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979):
Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.
In my judgment, the same reasoning expressed in Applegate should apply here. McKenzie v. State holds that an oral stipulation in open court is in compliance with Florida Rule of Criminal Procedure 3.191(d)(2)(i). Id. at 1246. If the transcript *744 of the motion for continuance before the trial court in McKenzie demonstrated that the prosecutor agreed that the speedy trial period would be extended rather than waived, id. at 1246-47, could we not, consistently with Applegate, conclude from the trial court's findings that the state attorney in the case at bar also orally stipulated that the time for speedy trial would be extended for a specific period, rather than waived? Given the status of the record before us, I would accord the usual presumption of correctness to the trial court's findings and would therefore affirm the order of discharge.
NOTES
[1] Rule 3.191 was amended effective January 1, 1981. In Re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). Applicable in this case is the Speedy Trial Rule as it existed prior to such amendments inasmuch as the appellees were arrested in 1980. See Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982).
[2] The fact that at least one subsequent continuance was accompanied by a stipulation signed by counsel for the respective parties providing for a limited waiver of speedy trial under Rule 3.191 avails the defendants nothing since the Rule, by the defendants' actions, had already been automatically waived in September, 1980.
[3] When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.